## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 1:20-cv-11104-WGY |
| Elisabeth D. DEVOS, in her official capacity as Secretary of the United States Department of Education, et al., | |
| *Defendants,* | |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION 510 Walnut St. Suite 1250 Philadelphia, PA 19106, | |
| INDEPENDENT WOMEN'S LAW CENTER 4 Weems Lane, #312 Winchester, VA 22601, | |
| SPEECH FIRST, INC. 1300 I St. NW Suite 400E Washington, D.C. 20005, | |
| *[Proposed] Intervenor-Defendants.* | |

## [PROPOSED] ANSWER OF [PROPOSED] INTERVENORS FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, INDEPENDENT WOMEN'S LAW CENTER, AND SPEECH FIRST, INC. TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenors, Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc., answer Plaintiffs' amended complaint, Doc. 13, as follows:

1.      The allegations in Paragraph 1 of the complaint contain conclusions of law that require no answer. Footnote 1 cites a regulation published in the Federal Register; that regulation speaks for itself and is evidence of its own contents.

2.      The allegations in Paragraph 2 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 2 of the complaint; thus, they are deemed denied.

3.      Paragraph 3 of the complaint purports to discuss the contents of a statute, cited in footnote 3. That statute speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 3 of the complaint; thus, they are deemed denied.

4.      The allegations in Paragraph 4 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 4 of the complaint; thus, they are deemed denied.

5.      Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 5 of the complaint; thus, they are deemed denied.

6.      Paragraph 6 of the complaint purports to discuss statements made by the Department, cited in footnote 4. Those statements speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 6 of the complaint; thus, they are deemed denied.

7.      The allegations in Paragraph 7 of the complaint contain conclusions of law that require no answer. Paragraph 7 of the complaint purports to discuss two U.S. Supreme Court decisions, cited in footnotes 5 and 6. Those decisions speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied.

8.      The allegations in Paragraph 8 of the complaint contain conclusions of law that require no answer. Paragraph 8 of the complaint purports to discuss guidance issued by the Department, cited in footnote 7. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed

Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 8 of the complaint; thus, they are deemed denied.

9.     The allegations in Paragraph 9 of the complaint contain conclusions of law that require no answer. Paragraph 9 of the complaint purports to discuss guidance issued by the Department, cited in footnote 8. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 9 of the complaint; thus, they are deemed denied.

10.    Paragraph 10 of the complaint purports to discuss guidance issued by the Department. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 10 of the complaint; thus, they are deemed denied.

11.    Paragraph 11 of the complaint purports to discuss a Dear Colleague Letter and a series of Questions and Answers issued by the Department. Those documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 11 of the complaint; thus, they are deemed denied.

12.    Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 12 of the complaint; thus, they are deemed denied.

13.    Paragraph 13 of the complaint purports to discuss a Proposed Rule issued by the Department, cited in footnote 9. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization

is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 13 of the complaint; thus, they are deemed denied.

14.     Proposed Intervenors admit that the Department received over 124,000 comments during the comment period on the proposed rule. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 14 of the complaint; thus, they are deemed denied.

15.     The allegations in Paragraph 15 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 15 of the complaint; thus, they are deemed denied.

16.     The allegations in Paragraph 16 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 16 of the complaint; thus, they are deemed denied.

17.     The allegations in Paragraph 17 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 17 of the complaint; thus, they are deemed denied.

18.     The allegations in Paragraph 18 of the complaint contain conclusions of law that require no answer. Paragraph 18 of the complaint also purports to discuss the Final Rule issued by the Department, cited in footnote 10. That rule speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 18 of the complaint; thus, they are deemed denied.

19.     The allegations in Paragraph 19 of the complaint contain conclusions of law that require no answer. Paragraph 19 of the complaint also purports to discuss past documents issued by the Department, cited in footnote 11. Those records speak for themselves and are evidence of their

own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 19; thus, they are deemed denied.

20.     The allegations in Paragraph 20 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 20; thus, they are deemed denied.

21.     The allegations in Paragraph 21 of the complaint contain conclusions of law that require no answer. Paragraph 21 of the complaint also purports to discuss the Final Rule issued by the Department, cited in footnote 12. That rule speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 21; thus, they are deemed denied.

22.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 22; thus, they are deemed denied.

23.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 23; thus, they are deemed denied.

24.     The allegations in Paragraph 24 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 24; thus, they are deemed denied.

25.     The allegations in Paragraph 25 of the complaint contain conclusions of law that require no answer. Paragraph 25 of the complaint also purports to discuss evidence of rates of false reporting for sex-based harassment, cited in footnote 14. Those documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs for

the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 25; thus, they are deemed denied.

26.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 26; thus, they are deemed denied.

27.     The allegations in Paragraph 27 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 27; thus, they are deemed denied.

28.     The allegations in Paragraph 28 of the complaint contain conclusions of law that require no answer.

29.     The allegations in Paragraph 29 of the complaint contain conclusions of law that require no answer.

30.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Victim Rights Law Center as alleged in Paragraph 30 of the complaint; thus, they are deemed denied.

31.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Equal Rights Advocates as alleged in Paragraph 31 of the complaint; thus, they are deemed denied.

32.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Legal Voice as alleged in Paragraph 32 of the complaint; thus, they are deemed denied.

33.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Chicago Alliance Against Sexual Exploitation as alleged in Paragraph 33 of the complaint; thus, they are deemed denied.

34.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 33 of the complaint; thus, they are deemed denied.

35.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 34 of the complaint; thus, they are deemed denied.

36.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 35 of the complaint; thus, they are deemed denied.

37.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 36 of the complaint; thus, they are deemed denied.

38.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 37 of the complaint; thus, they are deemed denied.

39.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 38 of the complaint; thus, they are deemed denied.

40.     Proposed Intervenors lack sufficient information to respond to the allegations in Paragraph 39 of the complaint; thus, they are deemed denied.

41.     The allegations in Paragraph 41 of the complaint contain conclusions of law that require no answer. Proposed Intervenors admit that the U.S. Department of Education is a federal agency headquartered in Washington, D.C. Proposed Intervenors admit that the Department of Education promulgated the Rule and is responsible for its enforcement.

42.     Proposed Intervenors admit that Elisabeth D. DeVos is the U.S. Secretary of Education and that she is sued in her official capacity as alleged in Paragraph 42 of the complaint.

43.     Proposed Intervenors admit that Kenneth L. Marcus is the Assistant Secretary for Civil Rights at the Department of Education and that he is sued in his official capacity as alleged in Paragraph 43 of the complaint.

44.      Paragraph 44 of the complaint purports to discuss the contents of a several documents, cited in footnotes 15-18. Those documents speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 44; thus, they are deemed denied.

45.      Paragraph 45 of the complaint purports to discuss the contents of a several documents, cited in footnotes 19-21. Those documents speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 45; thus, they are deemed denied.

46.      Paragraph 46 of the complaint purports to discuss the findings from several documents, cited in footnotes 22 and 23. Those documents speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 46; thus, they are deemed denied.

47.      Paragraph 47 of the complaint purports to discuss a Senate report, cited in footnote 24. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 47; thus, they are deemed denied.

48.      Paragraph 48 of the complaint purports to discuss several documents, cited in footnotes 25-28. Those documents speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 48; thus, they are deemed denied.

49.      Paragraph 49 of the complaint purports to discuss several documents, cited in footnotes 29-33. Those documents speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 49; thus, they are deemed denied.

50.     Paragraph 50 of the complaint purports to discuss a document, cited in footnote 34. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 50; thus, they are deemed denied.

51.     Paragraph 51 of the complaint purports to discuss a document, cited in footnote 35. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 51; thus, they are deemed denied.

52.     The allegations in Paragraph 52 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 52; thus, they are deemed denied.

53.     The allegations in Paragraph 53 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 53; thus, they are deemed denied.

54.     The allegations in Paragraph 54 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 54; thus, they are deemed denied.

55.     The allegations in Paragraph 55 of the complaint contain conclusions of law that require no answer.

56.     Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 56; thus, they are deemed denied.

57.     Paragraph 57 of the complaint purports to discuss the Department's 1997 Guidance, cited in footnote 45. That document speaks for itself and is evidence of its own contents. Proposed

Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 57; thus, they are deemed denied.

58.     Paragraph 58 of the complaint purports to discuss the Department's 1997 Guidance, cited in footnote 46. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 58; thus, they are deemed denied.

59.     Paragraph 59 of the complaint purports to discuss the Department's 1997 Guidance, cited in footnote 46-48. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 59; thus, they are deemed denied.

60.     The allegations in Paragraph 60 of the complaint contain conclusions of law that require no answer. Paragraph 60 of the complaint purports to discuss the Department's 1997 Guidance, cited in footnote 49. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 60; thus, they are deemed denied.

61.     The allegations in Paragraph 61 of the complaint contain conclusions of law that require no answer. Paragraph 61 of the complaint purports to discuss the Department's 2001 Guidance, cited in footnotes 50-52. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 61; thus, they are deemed denied.

62.     The allegations in Paragraph 62 of the complaint contain conclusions of law that require no answer. Paragraph 62 of the complaint purports to discuss the Department's 2001 Guidance, cited in footnote 53. That document speaks for itself and is evidence of its own contents.

Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 62; thus, they are deemed denied.

63.     The allegations in Paragraph 63 of the complaint contain conclusions of law that require no answer. Paragraph 63 of the complaint purports to discuss the Department's 2001 Guidance, cited in footnote 54. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 56; thus, they are deemed denied.

64.     The allegations in Paragraph 64 of the complaint contain conclusions of law that require no answer. Paragraph 64 of the complaint purports to discuss the Department's 2001 Guidance, cited in footnotes 55 and 56. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 64; thus, they are deemed denied.

65.     The allegations in Paragraph 65 of the complaint contain conclusions of law that require no answer. Paragraph 65 of the complaint purports to discuss the Department's 2001 Guidance. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 65; thus, they are deemed denied.

66.     The allegations in Paragraph 66 of the complaint contain conclusions of law that require no answer. Paragraph 66 of the complaint purports to discuss the Department's 2001 Guidance, cited in footnote 57. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 66; thus, they are deemed denied.

67.     The allegations in Paragraph 67 of the complaint contain conclusions of law that require no answer. Paragraph 67 of the complaint cites the Department's 1994 guidance on harassment based on race color, and national origin, and its 2000 guidance on disability harassment. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

68.     The allegations in Paragraph 68 of the complaint contain conclusions of law that require no answer. Paragraph 68 of the complaint purports to discuss several documents, cited in footnotes 59-62. Those documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 68; thus, they are deemed denied.

69.     The allegations in Paragraph 69 of the complaint contain conclusions of law that require no answer. Paragraph 69 of the complaint purports to discuss the Department's 2014 Guidance, cited in footnotes 63. That document speaks for itself and is evidence of its own contents.

70.     The allegations in Paragraph 70 of the complaint contain conclusions of law that require no answer. Paragraph 70 of the complaint cites the Department's 2010 Guidance. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

71.     Paragraph 71 of the complaint cites several statutes. Those statutes speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 71; thus, they are deemed denied.

72.     Proposed Intervenors admit that following his inauguration, President Trump nominated Secretary DeVos to lead the Department of Education.

73.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 66; thus, they are deemed denied.

74.     Paragraph 74 of the complaint purports to discuss an article about a White House policy, cited in footnote 66. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 74 thus, they are deemed denied.

75.     Paragraph 75 of the complaint purports to discuss a record of one of President Trump's tweets, cited in footnote 67. That record speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 68; thus, they are deemed denied.

76.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 76; thus, they are deemed denied.

77.     Paragraph 77 of the complaint purports to discuss a number of documents related to Secretary DeVos's statements, cited in footnotes 68-72. Those documents speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 77; thus, they are deemed denied.

78.     Paragraph 78 of the complaint purports to discuss a news article, cited in footnote 73. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed

Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 78; thus, they are deemed denied.

79.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 79; thus, they are deemed denied.

80.     Paragraph 80 of the complaint purports to discuss an updated Dear Colleague Letter, cited in footnote 74. That document speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

81.     The cited legal authority in paragraph 81 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

82.     The cited legal authority in paragraph 82 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

83.     The cited legal authority in paragraph 83 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 76; thus, they are deemed denied.

84.     Proposed Intervenors admit that the Department received over 124,000 comments during the comment period on the proposed rule. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 84 of the complaint; thus, they are deemed denied.

85.     The cited comments speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

86.     The allegations in Paragraph 86 of the complaint contain conclusions of law that require no answer. The cited Final Rule speaks for itself. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 86 of the complaint; thus, they are deemed denied.

87.     The cases and statements, cited in footnotes 122-28, speak for themselves and are evidence of their own contexts. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

88.     The allegations in Paragraph 88 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 88; thus, they are deemed denied.

89.     Paragraph 89 of the complaint purports to discuss Departmental statements, cited in footnotes 129-31. Those statements speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 89; thus, they are deemed denied.

90.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 90; thus, they are deemed denied.

91.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 91; thus, they are deemed denied.

92.    The allegations in Paragraph 92 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 92; thus, they are deemed denied.

93.    The allegations in Paragraph 93 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 93; thus, they are deemed denied.

94.    The cited legal authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs for the evidence, that characterization is denied.

95.    The allegations in Paragraph 95 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 95; thus, they are deemed denied.

96.    The allegations in Paragraph 96 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 96; thus, they are deemed denied.

97.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 97; thus, they are deemed denied. The cited authorities speak for themselves and are evidence of their own contents.

98.    The allegations in Paragraph 98 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 98; thus, they are deemed denied. The cited legal authorities speak for themselves and are evidence of their own contents.

99. The allegations in Paragraph 99 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents.

100. The allegations in Paragraph 100 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 100; thus, they are deemed denied.

101. The allegations in Paragraph 101 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 101; thus, they are deemed denied.

102. The allegations in Paragraph 102 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 102; thus, they are deemed denied.

103. The allegations in Paragraph 103 of the complaint contain conclusions of law that require no answer.

104. The allegations in Paragraph 104 of the complaint contain conclusions of law that require no answer.

105. The allegations in Paragraph 105 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 105; thus, they are deemed denied.

106. Paragraph 106 of the complaint purports to describe accounts from news articles, cited in footnotes 153-54. Those documents speak for themselves and are evidence of their own contents.

Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 106; thus, they are deemed denied.

107.    Paragraph 107 of the complaint purports to describe a letter to Kenneth Marcus, cited in footnote 155. That document speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 107; thus, they are deemed denied.

108.    The allegations in Paragraph 108 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 108; thus, they are deemed denied.

109.    The allegations in Paragraph 109 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 109; thus, they are deemed denied.

110.    The allegations in Paragraph 110 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 110; thus, they are deemed denied.

111.    The allegations in Paragraph 111 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself.

112.    The allegations in Paragraph 112 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 112; thus, they are deemed denied.

113.    The cited authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 113; thus, they are deemed denied.

114.    The allegations in Paragraph 114 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 114; thus, they are deemed denied.

115.    The allegations in Paragraph 115 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves.

116.    The allegations in Paragraph 116 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 116; thus, they are deemed denied.

117.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 117; thus, they are deemed denied.

118.    The cited legal authority speaks for itself. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 118; thus, they are deemed denied.

119.    The allegations in Paragraph 119 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 119; thus, they are deemed denied.

120.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 120; thus, they are deemed denied.

121.    The allegations in Paragraph 121 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself.

122.     The allegations in Paragraph 122 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 122; thus, they are deemed denied.

123.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 123; thus, they are deemed denied.

124.     The allegations in Paragraph 124 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 124; thus, they are deemed denied.

125.     The allegations in Paragraph 125 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 125; thus, they are deemed denied.

126.     The allegations in Paragraph 126 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 126; thus, they are deemed denied.

127.     The allegations in Paragraph 127 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 127; thus, they are deemed denied.

128.     The allegations in Paragraph 128 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 128; thus, they are deemed denied.

129.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 129; thus, they are deemed denied.

130.     The allegations in Paragraph 130 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 130; thus, they are deemed denied.

131.     The allegations in Paragraph 131 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 131; thus, they are deemed denied.

132.     The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 132; thus, they are deemed denied.

133.     The allegations in Paragraph 133 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself and is evidence of its own contents.

134.     The allegations in Paragraph 134 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 134; thus, they are deemed denied.

135.     The allegations in Paragraph 135 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 135; thus, they are deemed denied.

136.    The allegations in Paragraph 136 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 136; thus, they are deemed denied.

137.    The allegations in Paragraph 137 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 137; thus, they are deemed denied.

138.    The allegations in Paragraph 138 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 138; thus, they are deemed denied.

139.    The allegations in Paragraph 139 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 139; thus, they are deemed denied.

140.    The allegations in Paragraph 140 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 140; thus, they are deemed denied.

141.    The allegations in Paragraph 141 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 141; thus, they are deemed denied.

142.    The allegations in Paragraph 142 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 142; thus, they are deemed denied.

143.    The allegations in Paragraph 143 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 143; thus, they are deemed denied.

144.    The allegations in Paragraph 144 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 144; thus, they are deemed denied.

145.    The allegations in Paragraph 145 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 145; thus, they are deemed denied.

146.    The cited authorities speak for themselves and are evidence of their own contents. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 146; thus, they are deemed denied.

147.    The allegations in Paragraph 147 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 147; thus, they are deemed denied.

148.    The allegations in Paragraph 148 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 148; thus, they are deemed denied.

149.    The allegations in Paragraph 149 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 149; thus, they are deemed denied.

150.    The allegations in Paragraph 150 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 150; thus, they are deemed denied.

151.    The allegations in Paragraph 151 of the complaint contain conclusions of law that require no answer. The referenced Final Rule and Proposed Rule speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 151; thus, they are deemed denied.

152.    The allegations in Paragraph 152 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 152; thus, they are deemed denied.

153.     The allegations in Paragraph 153 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 153; thus, they are deemed denied.

154.     The cited legal authority in footnote 203 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 154; thus, they are deemed denied.

155.     The allegations in Paragraph 155 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 155; thus, they are deemed denied.

156.     The allegations in Paragraph 156 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 156; thus, they are deemed denied.

157.     The allegations in Paragraph 157 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 157; thus, they are deemed denied.

158.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 158; thus, they are deemed denied.

159.    The allegations in Paragraph 159 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 159; thus, they are deemed denied.

160.    The allegations in Paragraph 160 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 160; thus, they are deemed denied.

161.    The allegations in Paragraph 161 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 161; thus, they are deemed denied.

162.    The allegations in Paragraph 162 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

163.    The cited letter speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 163; thus, they are deemed denied.

164.    The allegations in Paragraph 164 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 164; thus, they are deemed denied.

165.    The allegations in Paragraph 165 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 165; thus, they are deemed denied.

166.    The cited authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 166; thus, they are deemed denied.

167.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 167; thus, they are deemed denied.

168.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 168; thus, they are deemed denied.

169.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 169; thus, they are deemed denied.

170.    The allegations in Paragraph 170 of the complaint contain conclusions of law that require no answer.

171.    The allegations in Paragraph 171 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 171; thus, they are deemed denied.

172.    The allegations in Paragraph 172 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 172; thus, they are deemed denied.

173.    The allegations in Paragraph 173 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 173; thus, they are deemed denied.

174.    The allegations in Paragraph 174 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 174; thus, they are deemed denied.

175.    The allegations in Paragraph 175 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 175; thus, they are deemed denied.

176.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 176; thus, they are deemed denied.

177.    The allegations in Paragraph 177 of the complaint contain conclusions of law that require no answer. The cited legal authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 177; thus, they are deemed denied.

178.    The allegations in Paragraph 178 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 178; thus, they are deemed denied.

179.    The allegations in Paragraph 179 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 179; thus, they are deemed denied.

180.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 180; thus, they are deemed denied.

181.    The allegations in Paragraph 181 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 181; thus, they are deemed denied.

182.    The allegations in Paragraph 182 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

183.    The allegations in Paragraph 183 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents.

To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 183; thus, they are deemed denied.

184.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

185.    The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

186.    The allegations in Paragraph 186 of the complaint contain conclusions of law that require no answer. The cited authorities speak for themselves and are evidence of their own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

187.    The allegations in Paragraph 187 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 187; thus, they are deemed denied.

188.    The allegations in Paragraph 188 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 188; thus, they are deemed denied.

189.    The allegations in Paragraph 189 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 189; thus, they are deemed denied.

190.    The allegations in Paragraph 190 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is

denied. Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 190; thus, they are deemed denied.

191.     The allegations in Paragraph 191 of the complaint contain conclusions of law that require no answer. The cited authority speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied.

192.     The cited authority in footnote 192 speaks for itself and is evidence of its own contents. To the extent that the characterization in the complaint differs from this evidence, that characterization is denied. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 192; thus, they are deemed denied.

193.     The allegations in Paragraph 193 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 193; thus, they are deemed denied.

194.     The allegations in Paragraph 194 of the complaint contain conclusions of law that require no answer. The cited legal authority speaks for itself and is evidence of its own contents.

195.     The allegations in Paragraph 195 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 195; thus, they are deemed denied.

196.     The allegations in Paragraph 196 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 196; thus, they are deemed denied.

197.     The allegations in Paragraph 197 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 197; thus, they are deemed denied.

198.    The allegations in Paragraph 198 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 198; thus, they are deemed denied.

199.    The allegations in Paragraph 199 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 199; thus, they are deemed denied.

200.    Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Victim Rights Law Center as alleged in Paragraph 200 of the complaint; thus, they are deemed denied.

201.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 201; thus, they are deemed denied.

202.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 202; thus, they are deemed denied.

203.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 203; thus, they are deemed denied.

204.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 204; thus, they are deemed denied.

205.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 205; thus, they are deemed denied.

206.    Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 206; thus, they are deemed denied.

207.    The allegations in Paragraph 207 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the remaining factual allegations in Paragraph 207; thus, they are deemed denied.

208.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 208; thus, they are deemed denied.

209.     The allegations in Paragraph 209 of the complaint contain conclusions of law that require no answer. Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Equal Rights Advocates as alleged in Paragraph 209 of the complaint; thus, they are deemed denied.

210.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 210; thus, they are deemed denied.

211.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 211; thus, they are deemed denied.

212.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 212; thus, they are deemed denied.

213.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 213; thus, they are deemed denied.

214.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 214; thus, they are deemed denied.

215.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 215; thus, they are deemed denied.

216.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 216; thus, they are deemed denied.

217.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Legal Voice as alleged in Paragraph 217 of the complaint; thus, they are deemed denied.

218.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 218; thus, they are deemed denied.

219.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 219; thus, they are deemed denied.

220.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 220; thus, they are deemed denied.

221.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 221; thus, they are deemed denied.

222.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 222; thus, they are deemed denied.

223.     Proposed Intervenors lack sufficient information to respond to the allegations about the identity, purpose, and activities of Plaintiff Chicago Alliance Against Sexual Exploitation as alleged in Paragraph 223 of the complaint; thus, they are deemed denied.

224.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 224; thus, they are deemed denied.

225.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 225; thus, they are deemed denied.

226.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 226; thus, they are deemed denied.

227.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 227; thus, they are deemed denied.

228.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 228; thus, they are deemed denied.

229.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 229; thus, they are deemed denied.

230.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 230; thus, they are deemed denied.

231.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 231; thus, they are deemed denied.

232.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 232; thus, they are deemed denied.

233.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 233; thus, they are deemed denied.

234.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 234; thus, they are deemed denied.

235.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 235; thus, they are deemed denied.

236.     Proposed Intervenors lack sufficient information to respond to the factual allegations in Paragraph 236; thus, they are deemed denied.

237.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

238.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

239.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

240.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

241.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

242.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

243.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

244.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

245.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

246.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

247.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

248.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

249.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

250.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

251.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

252.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

253.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

254.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

255.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

256.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

257.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

258.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

259.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

260.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

261.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

262.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

263.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

264.     Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

265. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

266. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

267. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

268. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

269. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

270. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

271. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

272. Proposed Intervenors lack sufficient information to respond to the factual allegations in this Paragraph; thus, they are deemed denied.

273. Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

274. The allegations in Paragraph 274 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 274.

275. The allegations in Paragraph 275 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 275.

276. The allegations in Paragraph 276 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 276.

277.    The allegations in Paragraph 277 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 277.

278.    Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

279.    The allegations in Paragraph 278 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 278.

280.    The allegations in Paragraph 279 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 279.

281.    The allegations in Paragraph 281 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 281.

282.    The allegations in Paragraph 282 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 282.

283.    Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

284.    The allegations in Paragraph 284 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 284.

285.    The allegations in Paragraph 285 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 285.

286.    The allegations in Paragraph 286 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 286.

287.    The allegations in Paragraph 287 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 287.

288.    The allegations in Paragraph 288 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 288.

289.    The allegations in Paragraph 289 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 289.

290.    Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

291.    The allegations in Paragraph 291 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 291.

292.    The allegations in Paragraph 292 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 292.

293.    The allegations in Paragraph 293 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 293.

294.    The allegations in Paragraph 294 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 294.

295.    Proposed Intervenors incorporate their responses to the prior paragraphs by reference.

296.    The allegations in Paragraph 296 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 296.

297.    The allegations in Paragraph 297 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 297.

298.    The allegations in Paragraph 298 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 298.

299.    The allegations in Paragraph 299 of the complaint contain conclusions of law that require no answer. Proposed Intervenors deny any factual allegations in Paragraph 299.

300.    The paragraphs on page 108-09 of the complaint under "PRAYER FOR RELIEF"

consists of a prayer for relief that does not require an answer. To the extent a response is required,

Proposed Intervenors deny that Plaintiffs are entitled to the relief described.

301.    Proposed Intervenors deny each and every allegation not expressly admitted herein.

Dated: July 21, 2020                                Respectfully submitted,

 /s/  Charles J. Cooper                              /s/ Patrick Strawbridge
Charles J. Cooper (pro hac vice forthcoming)        Patrick Strawbridge
Brian W. Barnes (pro hac vice forthcoming)          CONSOVOY MCCARTHY PLLC
Nicole J. Moss (pro hac vice forthcoming)           Ten Post Office Square
COOPER & KIRK, PLLC                                 8th Floor South, PMB #706
1523 New Hampshire Ave., NW                         Boston, MA 02109
Washington, D.C. 20036                              (617) 227-0548
(202) 220-9600                                      patrick@consovoymccarthy.com
ccooper@cooperkirk.com
bbarnes@cooperkirk.com                              Cameron T. Norris (pro hac vice forthcoming)
nmoss@cooperkirk.com                                Alexa R. Baltes (pro hac vice forthcoming)
                                                    CONSOVOY MCCARTHY PLLC
                                                    1600 Wilson Blvd., Ste. 700
                                                    Arlington, VA 22209
                                                    (703) 243-9423
                                                    cam@consovoymccarthy.com
                                                    lexi@consovoymccarthy.com

*Counsel for Foundation for*                        *Counsel for Speech First, Inc. and Independent*
*Individual Rights in Education*                    *Women's Law Center*


## CERTIFICATE OF SERVICE

I filed this proposed answer via ECF, which will electronically notify everyone who requires

notice.

Dated: July 21, 2020                                 /s/ Patrick Strawbridge