UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

No. 1:20-cv-11104-WGY

VICTIM RIGHTS LAW CENTER, et al,
    Plaintiffs

vs.

ELIZABETH D. DeVOS, in her official capacity as Secretary of Education, et al,
    Defendants

\*\*\*\*\*\*\*\*

For Zoom Hearing Before:
Judge William G. Young

Preliminary Injunction

United States District Court
District of Massachusetts (Boston)
One Courthouse Way
Boston, Massachusetts 02210
Wednesday, September 2, 2020

\*\*\*\*\*\*\*

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
bulldog@richromanow.com

```
 1                    A P P E A R A N C E S

 2

 3   DAVID A. NEWMAN, ESQ.
     NATALIE FLEMING-NOLEN, ESQ.
 4      Morrison & Foerster, LLP
        2000 Pennsylvania Avenue, Suite 6000
 5      Washington, DC 2006-1888
        (202) 887-1577
 6      Email: Dnewman@mofo.com
    and
 7   SHIWALI G. PATEL, ESQ.
        National Women's Law Center
 8      11 Dupont Circle, NW
        Suite 800
 9      Washington, DC 20036
        (202) 319-3030
10      Email: Spatel@nwlc.org
        For Plaintiffs
11

12   JENNIFER B. DICKEY, ESQ.
        U.S. Department of Justice
13      Office of the Associate Attorney General
        950 Pennsylvania Avenue NW
14      Washington, DC 20530
        (202) 514-0124
15      Email: Jennifer.b.dickey@usdoj.gov
        For Defendants
16

17

18

19

20

21

22

23

24

25
```

```
 1           P R O C E E D I N G S
 2           (Begins, 3:00 p.m.)
 3           THE CLERK:  Now hearing Civil Matter 20-11104,
 4   Victim Rights Law Center vs. DeVos.
 5           THE COURT:  Good afternoon, counsel, thank you for
 6   attending on this session of the court.  This is a
 7   hearing conducted via zoom and in this pandemic time
 8   such hearings are authorized by statute, regulation, and
 9   the local rules of this court.  It's presided -- or our
10   host at the hearing is Courtroom Deputy Clerk, Jennifer
11   Gaudet, I have on the line our Official Court Reporter,
12   Rich Romanow, and law clerks.  This is a public hearing
13   of the court and the press and the public are welcome.
14   I have no idea whether anyone else is on the line, but
15   on the theory that they may be, let me say that you must
16   keep your mics muted and that the rules of court remain
17   in full force and effect and that means there will be no
18   rebroadcast, taping, streaming, or other transmission of
19   this hearing.
20           It's also appropriate, before I have counsel who
21   will argue introduce themselves, to acknowledge with
22   gratitude the briefs filed by the various amici, all of
23   which the Court has considered, and I appreciate them.
24           Now would counsel introduce themselves starting
25   with the plaintiffs.
```

```
 1          MR. NEWMAN:  Your Honor, David Newman from
 2   Morrison & Foerster on behalf of the plaintiff.  My
 3   co-counsel, Ms. Fleming-Nolan, is here on the screen and
 4   will also be presenting argument as well, as will my
 5   Co-counsel, Ms. Shiwali G. Patel.
 6          THE COURT:  Well we'll see.  But thank you.
 7          And for the Secretary?
 8          MS. DICKEY:  Ms. Jennifer Dickey, your Honor.
 9          THE COURT:  Good afternoon, Ms. Dickey.
10          MS. DICKEY:  Good afternoon, your Honor.
11          THE COURT:  Anyone else?
12          (Silence.)
13          THE COURT:  Well the reason -- I don't mean to be
14   brusk in any way and I want you to know that while I
15   compliment the amici, so do I thank the parties for
16   their careful consideration of these issues, which are
17   important issues.  Having said that, the place I want to
18   start here, and it's a question for the plaintiffs, is
19   it would seem that the college plaintiffs, the
20   individual college plaintiffs don't have standing, and
21   that's because it appears, without dispute, that the two
22   colleges involved, um, are going to enforce these
23   regulations prospectively and are not going to enforce
24   them retroactively.  Now whatever may be the case of the
25   college plaintiffs, um, it would appear that these
```

```
 1   regulations don't bear on their cases and for that
 2   reason I ought dismiss the college plaintiffs.  And I'm
 3   not clear on the secondary school plaintiffs and we'll
 4   ask about that.
 5           But isn't that true?  And I'll ask plaintiffs'
 6   counsel.
 7           MS. FLEMING-NOLEN:  Your Honor, this is Natalie
 8   Fleming-Nolen from Morrison & Foerster, and, um, we do
 9   not think that is true, your Honor.  There are more than
10   two colleges involved here, we have the UC Santa
11   Barbara, we have Harvard, um, as well as UNH.  And so
12   there are, um, multiple colleges involved.  And the
13   colleges --
14           THE COURT:  Wait.  Wait.  Wait.  Wait.  Wait just
15   a minute.  You're telling me that the named plaintiffs
16   -- and I have no problem with pseudonyms here, but
17   you're telling me that the named plaintiffs include
18   someone from UNH?
19           MS. FLEMING-NOLEN:  Yes, your Honor.
20           THE COURT:  The named plaintiffs?
21           MS. FLEMING-NOLEN:  Yes, your Honor.
22           THE COURT:  All right.  All right.  And so let's
23   limit ourselves to the colleges you first recited.
24   Shouldn't I dismiss those two, the people in those
25   colleges?
```

1          MS. FLEMING-NOLEN:  As meaning UC Santa Barbara
2    and Harvard, your Honor?
3          THE COURT:  Yes, because from those -- from those
4    two we know that they're going to go on a two-track
5    system.
6          MS. FLEMING-NOLEN:  Your Honor, I think that there
7    is still a lack of clarity for the UC system as to how
8    they're going to resolve, um, our clients' claims.  And,
9    your Honor, I think that, um, additionally that the
10   clients have lost something tangible, they've lost the
11   ability of the federal government to say their schools
12   must proceed in a certain way, but their schools are
13   deliberately indifferent against the claims.  They have
14   no remedy from the Office of Civil Rights because the
15   final rule has said the claims --
16         THE COURT:  Just a moment.  Just a moment.  That
17   would be true -- I mean you're making a claim against
18   the, um, guidance from the Department of Education long
19   before these regulations came into effect?  I didn't
20   read your complaint that broadly.  I read that it was
21   addressed to these regulations, the ones that came into
22   effect on the 14th of August.
23         MS. FLEMING-NOLEN:  Yes, your Honor, that's true.
24   Under previous guidance, claims from our individual
25   plaintiffs would have been required -- the group would

1      have been required to take actions in the same line.
2      But under the final rule, if they don't fall within the
3      definition of "sexual harassment," either because they
4      filed claims after they graduated or because of the
5      location of the assault, then they are at the mercy of
6      what their schools decide to do and they have lost the
7      ability to go to the Office of Civil Rights and say that
8      their school had treated them unfairly and that they
9      suffered a civil rights violation.  So their rights
10     under the federal law have been narrowed by the final
11     rule.
12            THE COURT:  With all respect, I find that very
13     difficult to, um, comprehend and the plaintiffs from
14     USC, Santa Barbara, and Harvard are dismissed, without
15     prejudice.  You have 30 days from today's date to file a
16     motion for leave to file an amended complaint as to
17     those plaintiffs specifically setting forth the basis
18     and pleading with some specificity what you have tried
19     to articulate that they have lost.
20             Now let's turn to the motion for preliminary
21     injunction.  I'm disposed to consolidate that motion
22     with trial on the merits and give you a prompt trial,
23     and by "prompt trial," I mean a trial within days, and
24     I'm going to ask you how long you want to prepare for
25     such a trial.

1     And in making that -- in answering that question,
2  um, I'm not saying this covers the whole universe of
3  questions, but I have various factual questions, and I
4  will pose them, and you can -- you can either answer now
5  or you can, um, take some time and then answer in an
6  evidentiary sense.  But please listen to my questions
7  because I think these questions bear on the ultimate
8  result here.
9     Now I do want to know, and counsel quite properly
10 raised it, that if I have missed the plaintiff from UNH,
11 as to that plaintiff and the ones from the secondary
12 schools, I want to know whether any of those
13 institutions, um, intend to apply these new regulations,
14 um, that went into effect on August 14th?  I want to
15 know if they intend to apply them retroactively?  And it
16 seems to me that's a matter capable of ascertainment.
17     On the same score I want to know whether, um, with
18 respect to any of those institutions or others, the
19 Department is taking a position, communicating to the
20 institutions that these rules must be or should be or,
21 um, suggest that there's guidance that they be applied
22 retroactive.
23     Also, I want to know -- though the rules on their
24 face say that they are prospective, I want to know under
25 what guidelines the Department -- and this is a question

1  for the government here and I expect the government to
2  answer.  Under what guidelines does the government
3  intend to enforce Title IX with respect to conduct
4  occurring before August 14th?  And here's why I ask.
5        Is the 2001 guidance still operative?  There's a
6  blog post from the Department that suggests that only
7  regulations issued prior to August 14th carry weight.
8  Now this may be an issue to which plaintiffs' counsel
9  once averted, and if so, that's a serious matter.  I
10 want to know the government's position on that.
11       Also, moving on, um, and I'm talking now about the
12 organizational plaintiffs.  This is very thin, um, and I
13 say this with respect, to how the missions of the
14 organizational plaintiffs are -- and after August 14th
15 are -- how are they being frustrated, and is it possible
16 to tie that frustration to particular provisions of the
17 rule?  It's not enough just to object to the rule.  I
18 have little doubt that organizational plaintiffs, at
19 least at first blush, may have standing.  But unless
20 their organizational goals are being frustrated as
21 organizations, that there's a real question about their
22 standing.
23       Now some specific questions for the government,
24 and it goes to specific provisions of these new rules.
25 The -- did the Department, in developing these new

1    regulations, is there any evidence -- did the Department
2    ever consider making this blanket exclusion of the rules
3    against hearsay, with their exceptions, discretionary to
4    schools?  What consideration was given to that?  And
5    I'm -- I must say, or rather I'm going to question when
6    we get to substantive argument, um, that I don't
7    understand how, um, permitting reliable and probative
8    evidence that's received in every administrative agency
9    of the federal government and the federal courts
10   throughout the land by force of law and which in
11   criminal cases, um, passes muster under the
12   confrontation clause is now to be swept aside.  I
13   just -- I'm going to have to hear the argument on that.
14          And then with respect to this unaffiliated
15   complainant exclusion, um, I want to know how the
16   Department or if the Department considered deterrence?
17   You know if someone is withdrawn because of sexual
18   harassment, or one can think of a myriad of situations,
19   and then they are -- they are unaffiliated complainants,
20   um, I'm not so clear as to why, when this guidance says
21   "Now don't get into those matters," how that advances
22   the beneficent goal of deterrence against sexual
23   harassment?
24          Now I'm sure I'll have other questions, but these
25   are the questions that, as I prepared for this, I'm

going to be asking.  And, um, I just think it's counterproductive to hold a hearing on a preliminary injunction and go all through that when there isn't much additional evidence we're going to need here, um, that I can see.  We need to know the position of the various schools at issue as to the individual plaintiffs, but the rest of it all, um, is either known now or, um, capable of ready ascertainment, and there's a record here.

So I don't see, from the materials before me, um, answers to those questions, and that's why, under Federal Rule of Civil Procedure 65(a), I want to go to trial on the merits, but trial on the merits within days or longer, if the parties agree.

So we'll start with the plaintiffs.  When do you want a trial in this case?

(Silence.)

THE COURT:  The plaintiffs?

(Silence.)

MS. FLEMING-NOLEN:  Yes, your Honor -- and this is Ms. Fleming-Nolen, and we are -- we are kind of consulting a little bit at the moment with our co-counsel so we don't have a --

THE COURT:  Sure, well that's fine, let's go to the -- let's go to the Secretary in the Department.

```
 1            How about the Department?
 2            MS. DICKEY:  Your Honor, we would ask for 45 to 60
 3   days to prepare, but of course, um, we're happy to
 4   consult with plaintiffs' counsel.
 5            THE COURT:  I don't understand, why do you need
 6   that time?  The advantages of a prompt trial seem to,
 7   um, aid both parties equally because if you get a prompt
 8   trial, you get a judgment, and the judgment is whatever
 9   it is, I support it with any reasonings, and then you
10   can go to a court higher than me.  And I -- I'm not --
11   there's no false modesty there or is there any pride of
12   place, but these are not insignificant issues, this is
13   litigation that's pending in a number of different
14   courts, the government appears to be well-prepared here.
15   I just don't see the need for some sort of argument that
16   doesn't lead us anywhere, just takes us to some
17   preliminary determinations and more questions and the
18   like, that's going to drag the thing out.  Why do you
19   need so long?
20            MS. DICKEY:  Your Honor, if what you're
21   envisioning is, um -- I'm sharing your point, but on the
22   merits I propose to having to present witnesses for whom
23   we would do depositions in advance.  But because this is
24   an APA matter, we can proceed quickly for a hearing just
25   on the administrative record, if that is what the Court
```

1     prefers.
2         THE COURT:  Well it's not a question of my
3     preference because you get all the rights that you have
4     under the law, so put my preference to one side, but you
5     do understand perfectly what I contemplate and that's
6     why I -- that's what I asked you, and I'll ask the
7     plaintiffs.  I mean what evidence am I going to have to
8     take here?  I've tried to flag for you questions that I
9     have.  But some of those questions are answered, um,
10    from the administrative record or lacune in the
11    administrative record.  The only real evidence that we
12    need to track down is the position as to the individual
13    plaintiffs of the particular schools, are they going to
14    do a two-track and -- and I do want an answer on, um --
15    because it is unclear, I want the Department's position
16    on the questions I've asked.  If this is, um -- and I
17    don't suggest it is in any way, but if there's some sort
18    of retroactive slight-of-hand, I am thinking of a
19    proceeding that is sufficient to uncover it.  But other
20    than that, you know, I'm fine, we could start Monday if
21    we can get answers.
22        So with that in mind, you don't need 45 or 60
23    days?
24        MS. DICKEY:  No, your Honor, we could proceed much
25    faster.

```
1              THE COURT:  Sure.  I'm sure you can.
2         Okay, now let's go back to the plaintiffs.  Have
3    you had enough time to consult?
4              MR. NEWMAN:  Yes, your Honor.  In light of your
5    Honor's remark, we envision 30 days being an appropriate
6    time period, if your Honor is amenable, in part because
7    that would permit us to get a better factual
8    understanding of what is actually occurring at the
9    school given the recency of the start of the school.
10             THE COURT:  30 days makes sense to me.  Having
11   said that -- and I'm not trying to constrain everyone,
12   and when I spoke to the government attorney, I meant
13   that in all sincerity.  You have all the rights that are
14   afforded you under the law and under the rules of
15   procedure.  But I contemplate a focused hearing.  That
16   should be enough time to find out definitely with
17   respect to the named -- the pseudonymously-named
18   plaintiffs and the schools that I've left in, how they
19   intend to proceed.  Without the necessity of formal
20   discovery, I should think you'd be able to stipulate to
21   that.  And likewise I cast the Department with giving me
22   some answers as to what its intentions are.  And against
23   that background, it seems to me we're able to, um --
24   we're able to proceed.
25             Now if by -- if suddenly we're looking at vast
```

```
 1   case management orders and the like, um, I've made a
 2   mistake and I'll have to think again.  But 30 days makes
 3   sense.  Let's ask the government.
 4          Is 30 days sufficient?
 5          MS. DICKEY:  That's sufficient for us.
 6          THE COURT:  All right.
 7          Have I engendered any questions you want to ask me
 8   before I have the Clerk set the matter down for trial
 9   with a specific date?  And I'll start, as I should, with
10   the plaintiffs.  Any questions?
11          MR. NEWMAN:  Your Honor, in respect to the
12   administrative record, I think given the 30-day trial
13   date, we would respectfully request that the government
14   provide that to us on a short time frame as they're
15   able.  We understand that in other challenges
16   proceedings with respect to the same rule, they may be
17   providing a record as early as into next week and we --
18          THE COURT:  That makes perfect sense and I expect
19   their cooperation and I expect the record to be produced
20   as rapidly as possible.
21          Any other questions?
22          (Silence.)
23          THE COURT:  And for the government, any questions?
24          MS. DICKEY:  No, your Honor.
25          THE COURT:  Well I thank you.  I -- I don't mean
```

1  this to be anticlimactic, but I -- these are not
2  insignificant matters and I really think all parties
3  will be benefitted by a prompt trial.
4       Now we'll turn to the Courtroom Deputy Clerk for
5  whom I, in a very literal sense, I work, and she will
6  suggest a date for the trial.
7       Now if you could stipulate to all the facts, um,
8  we can set it down for the afternoon.  I'm going to set
9  it down for a morning on the possibility that there
10 might have to be some limited evidence.  It's clearly
11 jury-waived, but candidly I don't -- I don't expect
12 that, I expect you to agree upon the factual situation.
13 And, um, since this will be final argument, each side
14 will get a half an hour, and you're entitled then to
15 full findings and rulings and it will be my duty to
16 provide it.
17      So Ms. Gaudet will suggest a morning and, um --
18 but I expect from you, if you actually think that I have
19 to take some evidence because there's some credibility
20 issue, which I think is very unlikely, then you must
21 give me notice.
22      So, Ms. Gaudet?
23      THE CLERK:  Wednesday, October 14th.
24      THE COURT:  Wednesday the 14th of October at
25 9:00 a.m.

```
 1            Is that satisfactory to the plaintiffs?
 2            MR. NEWMAN:  I'm looking at the faces on the
 3    screen as well, your Honor, but with the folks in the
 4    room here at Morrison Foerster the answer is "Yes."  And
 5    I see now a nod on the screen, so the answer is "Yes."
 6            THE COURT:  And I thank you.
 7            And for the government?
 8            MS. DICKEY:  That's fine for the government as
 9    well.  Thank you.
10            THE COURT:  Very well.  It's set down for a
11    hearing on the merits on the 14th of October at
12    9:00 a.m., the parties to give earliest notice should it
13    be believed that any evidence need be received.  And I
14    do thank you very much.  The work that's been done is
15    very helpful to the Court.
16            And with that I think we'll stand in recess.
17            (Ends, 3:30 p.m.)
18
19
20
21
22
23
24
25
```

```
```

C E R T I F I C A T E

1 I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the foregoing record is a true and accurate transcription of my stenographic notes before Judge William G. Young, on Thursday, September 3, 2020, to the best of my skill and ability.

/s/ Richard H. Romanow 09-17-20
_____
RICHARD H. ROMANOW     Date