# United States Court of Appeals
## For the First Circuit

No. 20-1748

VICTIM RIGHTS LAW CENTER; EQUAL RIGHTS ADVOCATES; LEGAL VOICE; CHICAGO ALLIANCE AGAINST SEXUAL EXPLOITATION; JANE DOE, an individual by and through her mother and next friend Melissa White; ANNE DOE; SOBIA DOE; SUSAN DOE; JILL DOE; NANCY DOE; LISA DOE,

Plaintiffs, Appellees,

v.

PHIL ROSENFELT, in his official capacity as Acting Secretary of Education,* SUZANNE GOLDBERG, in her official capacity as Acting Assistant Secretary for Civil Rights,** UNITED STATES DEPARTMENT OF EDUCATION,

Defendants, Appellees.

FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, INDEPENDENT WOMEN'S LAW CENTER, SPEECH FIRST, INC.,

Putative Intervenors, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

* Pursuant to Fed. R. App. P. 43(c)(2), Acting Secretary of Education Phil Rosenfelt has been substituted for former Secretary of Education Elisabeth DeVos.

** Pursuant to Fed. R. App. P. 43(c)(2), Acting Assistant Secretary for Civil Rights Suzanne Goldberg has been substituted for former Assistant Secretary for Civil Rights Kenneth Marcus.

Before

Lynch and Selya, Circuit Judges,
and Laplante,*** District Judge.

―――――――――――――

Alexa R. Baltes, with whom Charles J. Cooper, Brian W. Barnes, Cameron T. Norris, Tiffany H. Bates, Patrick Strawbridge, Cooper & Kirk, PLLC, and Consovoy McCarthy PLLC were on brief, for appellants.
Michael F. Qian, with whom Natalie A. Fleming Nolen, David A. Newman, James R. Sigel, Emily Martin, Neena Chaudhry, Sunu Chandy, Shiwali G. Patel, Elizabeth Tang, Diane L. Rosenfeld, and Morrison & Foerster LLP were on brief, for appellees.

―――――――――――――

February 18, 2021

―――――――――――――

―――――――――

*** Of the District of New Hampshire, sitting by designation.

- 2 -

**Laplante, District Judge**. The question in this interlocutory appeal is whether the district court abused its discretion in denying both intervention as of right and permissive intervention to the Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc. (collectively, the "movants" or "movant-intervenors") under Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B).

The suit underlying the appeal involves a challenge to the U.S. Department of Education's recent promulgation of a regulation that sets the standard for actionable sexual harassment for administrative enforcement of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and provides additional procedural protections to students accused of sexual harassment. The plaintiffs are appellees here defending the district court's decision. Acting Secretary Rosenfelt, Acting Assistant Secretary Goldberg, and the Department of Education (collectively, "the government") are the named defendants in the suit. The government has taken no position on the issue of intervention and did not participate in either the briefing or the oral argument in this appeal.

The Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc. moved to intervene for the purpose of arguing that the First Amendment requires a standard for actionable "sexual harassment" that is at

- 3 -

least as narrow as the definition provided in the new regulation and that the Fifth Amendment's Due Process Clause mandates the additional procedural protections. The district court denied the motion in a summary order, finding that the movant-intervenors had failed to show that the government would not adequately protect their rights. On appeal, the movant-intervenors contend that the district court abused its discretion by denying the motion to intervene. We affirm.

## I. Applicable Standard of Review

A district court's denial of a motion to intervene as of right under Rule 24(a) is reviewed "through an abuse-of-discretion lens." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 38 (1st Cir. 2020). The same "lens" is used for reviewing the denial of a motion for permissive intervention under Rule 24(b). Id. But "the abuse-of-discretion standard is not a monolith: within it, abstract legal rulings are scrutinized de novo, factual findings are assayed for clear error, and the degree of deference afforded to issues of law application waxes or wanes depending on the particular circumstances." Id.

## II. Background

The regulation challenged by the plaintiffs is entitled "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 85 Fed. Reg. 30,026 (May 19, 2020) (codified at 34 C.F.R. § 106) (the "Rule").

- 4 -

It sets standards for how educational institutions that receive federal financial assistance must handle student allegations of sexual harassment.  As relevant here, the Rule defines the standard for "sexual harassment" to be used in administrative enforcement of Title IX to be generally the same as the standard set by Davis v. Monroe County Board of Education, 526 U.S. 629, 651 (1999), for private Title IX suits.  See 34 C.F.R. § 106.30(a)(2); 85 Fed. Reg. at 30,033 (explaining the reasoning for adopting the Davis standard).  The Rule also requires that schools provide additional procedural protections to students accused of sexual harassment. 85 Fed. Reg. at 30,046-55.

In June 2020, the plaintiffs filed this suit challenging various portions of the Rule and its promulgation under the Administrative Procedure Act ("APA") and the Fifth Amendment's Equal Protection guarantees.[1]  They seek an injunction declaring the Rule invalid and enjoining its implementation.[2]  The government

---

[1] The plaintiffs' Equal Protection claim is premised on allegations that former Secretary of Education DeVos and other members of the Department of Education held discriminatory and stereotypical beliefs about women and accordingly singled out women for excessively onerous procedures and standards in establishing sexual harassment.

[2] Similar suits about the Rule have proceeded in the Southern District of New York, the District of Maryland, and the District of Columbia.  New York v. U.S. Dep't of Educ., No. 1:20-cv-4260 (S.D.N.Y); Know Your IX v. DeVos, No. 1:20-cv-1224 (D. Md.); Pennsylvania v. DeVos, No. 1:20-cv-1468 (D.D.C.).  The movants asked to intervene in all three cases.  The Southern District of New York denied intervention.  In the District of Maryland, the

- 5 -

has opposed the relief sought by the plaintiffs and has challenged the plaintiffs' standing, asserted various APA defenses as to each claim, and argued that there was no Equal Protection violation.

The movant-intervenors disagree with the government's strategic and policy choice not to argue that the First Amendment requires the use of a standard for actionable sexual harassment that is at least as narrow as the standard set by <u>Davis</u> and that the additional procedural protections for students accused of sexual harassment provided by the Rule are required by the Fifth Amendment's Due Process Clause. The movant-intervenors thus requested intervention for the purpose of presenting those constitutional arguments in addition to the government's non-constitutional defenses. In their motion, the movants argued that they were entitled to intervene as of right under Rule 24(a) and by the court's permission under Rule 24(b).

Before either the plaintiffs or the government filed any responses or objections, the district court denied the motion to intervene in a summary electronic order. The order stated, in full:

> The motion to intervene is denied as there is no adequate showing that the government will not adequately protect the proposed intervenors['] rights. The Court will, of

motion to intervene was denied as moot after the case was dismissed without prejudice for lack of standing. The District Court for the District of Columbia granted permissive intervention.

- 6 -

> course, welcome a brief amicus curiae from the
> proposed intervenors.

This interlocutory appeal followed.[3] We held oral argument on January 5, 2021.[4]

## III. Discussion

> On timely motion, the court must permit anyone
> to intervene who . . . claims an interest
> relating to the property or transaction that
> is the subject of the action, and is so
> situated that disposing of the action may as
> a practical matter impair or impede the
> movant's ability to protect its interest,
> unless existing parties adequately represent
> that interest.

Fed. R. Civ. P. 24(a)(2). Failure to satisfy any single requirement for intervention as of right under Rule 24(a) – such as showing inadequate representation by existing parties – is sufficient grounds to deny a request for "intervention as of right." See id.

If the requirements of Rule 24(a)(2) are not met, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action

---

[3] An order denying a motion to intervene is immediately appealable. Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998).

[4] Between the filing of this appeal and the issuance of this opinion, the district court tried the case. The movant-intervenors did not file any motion in the district court for leave to file an amicus brief raising their legal theory. The district court granted every motion for leave to file an amicus brief that was presented to it, accepting nine briefs from various amici.

- 7 -

a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is known as "permissive intervention." Id.

The movant-intervenors contend that the district court abused its discretion by denying their motion to intervene as of right on the ground that the government will adequately represent their interests. They also argue that the district court abused its discretion by failing to adequately explain its denial of permissive intervention, preventing this court from conducting a meaningful appellate review. The plaintiffs respond that the district court correctly reasoned that the government will adequately represent the movant-intervenors' interests and that this serves as sufficient reason to deny both intervention as of right and permissive intervention.

A. Intervention as of Right

In denying the motion to intervene, the district court found that the movant-intervenors failed to show that the existing defendants, namely, the government, would not adequately represent their claimed interests.[5] Generally, "an applicant for intervention need only make a minimal showing that the

---

[5] Because we may affirm solely on the ground that the government adequately represents whatever interests the movants may have in the subject matter of this case, we do not express any opinion as to whether the movants have shown that they have an interest sufficient to warrant intervention under Rule 24(a).

- 8 -

representation afforded by existing parties likely will prove inadequate." Patch, 136 F.3d at 207. But, in any case, "[a] party that seeks to intervene as of right must produce some tangible basis to support a claim of purported inadequacy." Id.

Furthermore, "the burden of persuasion is ratcheted upward" when the movant seeks to intervene as a defendant alongside a government entity. See id. In those circumstances, "this court and a number of others start with a rebuttable presumption that the government will defend adequately its action[.]" Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35 (1st Cir. 2000). A successful rebuttal "requires 'a strong affirmative showing' that the agency (or its members) is not fairly representing the applicants' interests." Patch, 136 F.3d at 207 (quoting United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 985 (2d Cir. 1984)).

The movant-intervenors attempt to make that showing by identifying their "interests and goals" purportedly not shared by the government. They contend that while they want to secure broad First Amendment and due process rights on college and university campuses, the government wants to minimize legal challenges and maintain regulatory flexibility. The movant-intervenors assert that these divergent motivations have led them to pursue different legal strategies than those pursued by the government. Specifically, the movant-intervenors say that the government has

- 9 -

failed to make constitutional arguments that they would make, and they suggest that the government has made an argument (that the plaintiffs lack standing) that they would not. Consequently, the movant-intervenors contend, the government's representation is inadequate.

We reject the movant-intervenors' claim. As explained in Massachusetts Food Association v. Massachusetts Alcoholic Beverages Control Commission, a movant-intervenors' interest in making an additional constitutional argument in defense of government action does not render the government's representation inadequate. 197 F.3d 560, 567 (1st Cir. 1999) (rejecting movant-intervenors' argument that the state's representation was inadequate because of their intent to make an argument under the Twenty-First Amendment that was not pursued by the state); see also T-Mobile Ne., 969 F.3d at 39 ("[T]he presumption that a governmental entity defending official acts adequately represents the interests of its citizens applies full-bore, given the Town's vigorous, no-holds-barred defense of its refusal to grant a variance or other regulatory relief to T-Mobile."); Maine v. Dir., U.S. Fish & Wildlife Serv., 262 F.3d 13, 19-20 (1st Cir. 2001) (rejecting argument that movants were entitled to intervention where government could make "several obvious, more direct arguments . . . in which the [movant and government had] a common interest"); Daggett v. Comm'n on Governmental Ethics & Election

Practices, 172 F.3d 104, 112-13 (1st Cir. 1999). Nor is perfect identity of motivational interests between the movant-intervenor and the government necessary to a finding of adequate representation. See Mass. Food Ass'n, 197 F.3d at 567. And the government's putative interests in "regulatory flexibility" and minimizing future legal challenges do not create a sufficient case-specific conflict to render the district court's denial of intervention an abuse of discretion.

For example, in Cotter the court held that the City of Boston's defense of its use of racial criteria in promotions for law enforcement officers was sufficiently inadequate as to the movant minority police officers because the City's interests and likely defenses were in conflict with the minority officers' interests and proposed defense that racial criteria were appropriate given "alleged deficiencies in its current" promotional exams. 219 F.3d at 32-33, 35-36 (emphasis omitted). Similarly, in Conservation Law Foundation of New England, Inc. v. Mosbacher, the court held that a state agency's representation of movant fishing groups was inadequate when the agency raised no defense to the suit and agreed to a settlement that subjected the movants to more stringent rules than had previously been in effect. 966 F.2d 39, 44 (1st Cir. 1992). In contrast, here, the government has raised several defenses to the suit that would uphold the Rule, while the movant-intervenors would only raise extra constitutional

- 11 -

theories not in conflict with the government's defenses nor requiring additional evidentiary development.

The movants point to International Paper Co. v. Inhabitants of the Town of Jay for the supposition that "the adverse impact of stare decisis standing alone may be sufficient to satisfy the [practical impairment] requirement." 887 F.2d 338, 344 (1st Cir. 1989) (alteration in original) (quoting 3B J. Moore, Moore's Federal Practice ¶ 24.07[3], at 24-65 (2d ed. 1987)). From this, the movants infer that the district court abused its discretion in denying intervention because the judgment they seek would set precedent on their preferred constitutional theories while the judgment sought by the government would not. International Paper Co. does not render the district court's decision an abuse of discretion, as the government's success in defending the Rule would not foreclose the movants from presenting their constitutional arguments in a later and appropriate case. See id. ("[I]t was not unreasonable for the district court to conclude that a refusal to let Maine intervene would not impair or impede Maine's ability to protect its interest in the interpretation of its environmental laws.").

Moreover, the movants' proposition that the government's avoidance of constitutional issues renders inadequate its representation of their interest in having those issues addressed is inconsistent with the principle of constitutional avoidance.

- 12 -

Case 1:20-cv-11104-WGY Document 159 Filed 02/18/21 Page 13 of 16

Courts are obliged to avoid rulings on constitutional questions when non-constitutional grounds will suffice to resolve an issue. Sony BMG Music Ent. v. Tenenbaum, 660 F.3d 487, 511 (1st Cir. 2011) (discussing the myriad problems that are likely to arise if a court fails to observe the principle of constitutional avoidance and vacating district court's avoidable ruling on constitutional issue). Consistent with that principle, the government made a strategic and policy choice to defend the Rule's promulgation on non-constitutional grounds. The movants' putative interest in having certain constitutional issues addressed now rather than later does not obviate the principle of constitutional avoidance. Indeed, it would be inconsistent with the principle of constitutional avoidance to conclude that the district court abused its discretion in denying an intervention sought to expedite a judgment on constitutional questions that could have been avoided by limiting the case to the issues as framed by the plaintiffs and government. Accordingly, the district court did not abuse its discretion in denying intervention as of right. See Fed. R. Civ. P. 24(a)(2).[6]

---

[6] To the extent the movants contend that the district court abused its discretion by summarily disposing of the motion for intervention as of right, that argument is foreclosed by T-Mobile Northeast. 969 F.3d at 38.

B.  Permissive Intervention

The movant-intervenors assert that, even if they are not entitled to intervene as of right, the district court should have permitted them to intervene under Rule 24(b).  They argue that the district court failed to adequately explain its reasoning for denying the motion to intervene, such that this court cannot meaningfully review the order.[7]

This court's precedents foreclose the movants' position. The court may affirm a district court's ruling for any reason supported by the record.  Miles v. Great N. Ins. Co., 634 F.3d 61, 65 n.5 (1st Cir. 2011).  That holds true even in the context of review for abuse of discretion, as this court offers deference to the district court's decisionmaking to the extent its "findings or reasons can be reasonably inferred."  Cotter, 219 F.3d at 34; see also Ungar v. Arafat, 634 F.3d 46, 51 (1st Cir. 2011) ("The district court denied the motion to intervene in a bench decision. It did not subdivide its analysis into discrete silos. Nevertheless, its findings and reasoning can easily be inferred from the record.").  And, to the extent the district court's reasons are not stated or cannot be reasonably inferred, "abuse-

---

[7] The movants also reiterate their belief that the district court erred in finding that the government will adequately represent their interests, and they contend that the district court therefore abused its discretion if it relied on that ground to deny permissive intervention.

- 14 -

of-discretion review simply becomes less deferential because there is nothing to which to give deference." See T-Mobile Ne., 969 F.3d at 38 (internal quotation marks omitted). But even if "the district court summarily denies a motion to intervene, the court of appeals must review the record as a whole to ascertain whether, on the facts at hand, the denial was within the compass of the district court's discretion." Id. (affirming summary order denying motion to intervene).

T-Mobile Northeast forecloses the movants' suggestion that the district court abused its discretion by not adequately considering their arguments for permissive intervention or by summarily denying the motion. Id. Moreover, to conclude that the district court did not abuse its discretion in denying the motion, we need not go beyond the express reasons the district court gave for denying intervention. Though its order was terse, the district court's reasoning need not be divined: the movant-intervenors did not show that the government would not adequately protect their interests and the amicus procedure provides sufficient opportunity for them to present their view.[8] That reasoning, which as discussed

---

[8] Of course, a district court should not consider arguments raised by amici that go beyond the issues properly raised by the parties. E.g., Sindi v. El-Moslimany, 896 F.3d 1, 31 n.12 (1st Cir. 2018). And, as we noted, the principle of constitutional avoidance requires courts to avoid ruling on constitutional questions if the issues can be resolved on non-constitutional grounds. Sony BMG Music Ent., 660 F.3d at 511.

- 15 -

above supports denial of intervention as of right, is also sufficient on this record to sustain the district court's discretion as to permissive intervention. See id. at 41 ("To begin, a district court considering requests for permissive intervention should ordinarily give weight to whether the original parties to the action adequately represent the interests of the putative intervenors."); Mass. Food Ass'n, 197 F.3d at 568 (affirming denial of motion for permissive intervention when "[t]he district court reasonably concluded that the Commonwealth was adequately representing the interests of everyone concerned to defend the statute and that any variations of legal argument could adequately be presented in amicus briefs").

## IV. Conclusion

The district court's order denying the Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc.'s motion to intervene is AFFIRMED.