**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

VICTIM RIGHTS LAW CENTER, et al.,

*Plaintiffs*,

v.

MIGUEL ANGEL CARDONA, in his official
capacity as Secretary of Education, et al.,

*Defendants*,

and

STATE OF TEXAS,

*[Proposed] Intervenor-Defendant.*

Case No. 1:20-cv-11104

**ANSWER OF [PROPOSED] INTERVENOR TEXAS**

Putative Intervenor-Defendant, the State of Texas, respectfully files this Answer to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, ECF 138 ("Complaint").

Pursuant to Federal Rule of Civil Procedure, Texas denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles are reproduced in this Answer for organizational purposes only, and Texas does not admit any matter contained therein.

Texas responds to the specifically numbered allegations of the Second Amended Complaint as follows:

**INTRODUCTION**

1.      Texas admits that the Final Rule was published in the Federal Register on May 19,

2020. The remaining allegations in Paragraph 1 contain characterizations of the action as well as assertions of law, conclusory statements, and/or argument to which no response is required. Footnote 1 cites a regulation published in the Federal Register that speaks for itself and is evidence of its own contents. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

2.      Texas denies the allegation that the Department failed to provide adequate justification or explanation for the Final Rule. The remaining allegations in Paragraph 2, including any statements offered in Footnote 2, either purport to characterize legal authority, which speaks for itself, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2; on that basis, it denies them in their entirety.

3.      Texas admits that the Department is a federal agency that enforces Title IX. The remaining allegations in Paragraph 3, including any references to the statute cited in Footnote 3, either purport to characterize legal authority, which speaks for itself, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

4.      Paragraph 4 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Title IX, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4; on that basis, it denies them in their entirety.

5.      Texas admits that sexual harassment can have adverse consequences. Texas, however, lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 5; on that basis, it denies the allegations in their entirety, except where previously admitted.

6.      Paragraph 6 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's prior guidance, cited in Footnote 4, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

7.      Paragraph 7 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple U.S. Supreme Court cases, cited in Footnotes 5 and 6, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

8.      Paragraph 8 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's prior guidance, cited in Footnote 7, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

9.      Paragraph 9 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's prior guidance, cited in Footnote 8, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

10.     The first sentence of Paragraph 10 purports to characterize the Department's prior guidance, which speaks for itself. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety. Texas lacks sufficient knowledge or information

to form a belief about the truth of the allegations contained in the second sentence of Paragraph 10; on that basis, it denies the allegations in their entirety.

11. Texas admits that the Department published a Dear Colleague Letter in 2011 as well as Question and Answers in 2014. The remaining allegations in Paragraph 11 purport to characterize the Department's prior guidance, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

12. Texas admits that the 2011 Dear Colleague Letter and the 2014 Question and Answers were issued without notice and comment. Texas also admits that the Department rescinded the two documents in September 2017 and issued interim guidance. The remaining allegations in Paragraph 12 purport to characterize the Department's interim guidance, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

13. Texas admits that the Department issued a issued a Notice of Proposed Rulemaking on November 29, 2018. The remaining allegations in Paragraph 13 purport to characterize the Department's Proposed Rule, cited in Footnote 9, as well as other legal authority, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

14. Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14; on that basis, it denies the allegations in their entirety.

15. Texas admits that the Department released its Final Rule on May 19, 2020. The remaining allegations in Paragraph 15 purport to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks

sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15; on that basis, it denies them in their entirety, except where previously admitted.

16.     Paragraph 16 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

17.     Paragraph 17 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

18.     Paragraph 18 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 10, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

19.     Paragraph 19 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and other legal authority, cited in Footnote 11, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

20.     Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

21.     Paragraph 21 contains assertions of law, conclusory statements, and/or argument to

which no response is required. It also purports to characterize the Final Rule, cited in Footnote 12, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

22.     Paragraph 22 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22; on that basis, it denies them in their entirety.

23.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23 concerning actions taken by schools and workplaces; on that basis, it denies the allegations in their entirety. The remaining allegation in Paragraph 23 either purport to characterize the Final Rule and other legal authority, which speak for themselves, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

24.     Paragraph 24 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as a Supreme Court case, cited in Footnote 13, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

25.     Paragraph 25 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as a study, cited in Footnote 14, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

26.     Paragraph 26 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

27.     Paragraph 27 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as other legal authority, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

## JURISDICTION AND VENUE

28.     Paragraph 28 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Defendant admits that, in appropriate cases, the Court has authority to issue relief pursuant 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331. Texas denies that Plaintiff States are entitled to such relief.

29.     Paragraph 29 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information about where the Victim Rights Law Center resides to form a belief about the truth of the allegations contained in Paragraph 29; on that basis, it denies the allegations in their entirety.

## PARTIES

30.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30; on that basis, it denies the allegations in their entirety.

31.     Texas lacks sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 31; on that basis, it denies the allegations in their entirety.

32.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32; on that basis, it denies the allegations in their entirety.

33.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33; on that basis, it denies the allegations in their entirety.

34.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34; on that basis, it denies the allegations in their entirety.

35.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35; on that basis, it denies the allegations in their entirety.

36.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36; on that basis, it denies the allegations in their entirety.

37.    Texas admits that the Department is a federal agency headquartered in Washington, D.C. Texas also admits that the Department enforces Title IX. The remaining allegations in Paragraph 37 contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

38.    Texas denies the allegations in Paragraph 38 of the Second Amended Complaint.

39.    Texas denies the allegations in Paragraph 39 of the Second Amended Complaint.

## BACKGROUND

### Sex-Based Harassment in Schools Is Prevalent, Underreported, Under-Investigated, and Impedes Equal Access to Education

40.    Paragraph 40 purports to characterize multiple documents, cited in Footnotes 15–18, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

41.     Paragraph 41 purports to characterize multiple documents, cited in Footnotes 19–21, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

42.     Paragraph 42 purports to characterize multiple documents, cited in Footnotes 22 and 23, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

43.     Paragraph 43 purports to characterize a U.S. Senate report, cited in Footnote 24, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

44.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first and third sentences of Paragraph 44; on that basis, it denies the allegations in their entirety. The second sentence of Paragraph 44 purports to characterize multiple documents, cited in Footnotes 25–28, which speak for themselves. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety.

45.     Paragraph 45 purports to characterize multiple documents, cited in Footnotes 29–33, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

46.     Texas admits that sexual harassment can have adverse consequences. Texas, however, lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in the first sentence of Paragraph 46; on that basis, it denies the allegations in their entirety, except where previously admitted. The second sentence in Paragraph 46 purports to characterize a document, cited in Footnotes 34, which speaks for itself. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety.

47.     Texas admits that sexual harassment can have adverse consequences. Texas, however, lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in the first and third sentences of Paragraph 47; on that basis, it denies the allegations in their entirety, except where previously admitted. The second sentence in Paragraph 47 purports to characterize a document, cited in Footnotes 35, which speaks for itself. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety.

### Statutory and Regulatory History

48.     Paragraph 48 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple legal authorities, cited in Footnotes 36–38, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

49.     Paragraph 49 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1975 Regulations, cited in Footnotes 40–42, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

50.     Paragraph 50 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1975 Regulations, cited in Footnote 43, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

51.     Paragraph 51 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1975 Regulations, cited in Footnote 44, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

52.     Texas admits the allegations in Paragraph 52 of the Second Amended Complaint.

53.     Paragraph 53 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1997 Guidance, cited in Footnote 45, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

54.     Paragraph 54 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1997 Guidance, cited in Footnote 46, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

55.     Paragraph 55 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1997 Guidance, cited in Footnotes 47 and 48, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

56.     Paragraph 56 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnote 49, as well as two U.S. Supreme Court cases, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

57.     Paragraph 57 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnotes 50–52, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

58.     Paragraph 58 contains assertions of law, conclusory statements, and/or argument to

which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnote 53, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

59.     Paragraph 59 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnote 54, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

60.     Paragraph 60 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnotes 55 and 56, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

61.     Paragraph 61 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 1997 Guidance and 2001 Guidance, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

62.     Paragraph 62 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnote 57, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

63.     Paragraph 63 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance as well as other guidance documents, cited in Footnote 58, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their

entirety.

64.     Paragraph 64 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple guidance documents issued by the Department, cited in Footnotes 59–62, including the 2011 Dear Colleague Letter and the 2014 Questions and Answers, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

65.     Paragraph 65 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2014 Questions and Answers, cited in Footnote 63, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

66.     Paragraph 66 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2010 Guidance on bullying, cited in Footnote 64, and other legal authority, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

67.     Paragraph 67 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple statutes, partially cited in Footnote 65, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Trump Administration's Changes to Title IX**

68.     Texas admits the allegations in Paragraph 68 of the Second Amended Complaint.

69.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69; on that basis, it denies the allegations in their entirety.

70.     Paragraph 70 purports to characterize President Trump's actions and statements as well as an article, cited in Footnote 66, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70; on that basis, it denies them in their entirety.

71.     Paragraph 71 purports to characterize one of President Trump's tweets, cited in Footnote 67, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71; on that basis, it denies them in their entirety.

72.     The last sentence in Paragraph 72 purports to characterize the Campus SaVE Act, which speaks for itself. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety. Texas lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 72; on that basis, it denies the allegations in their entirety.

73.     Texas denies that Secretary DeVos's criticism is based on discriminatory stereotypes and unfounded generalizations. The remaining allegations in Paragraph 73 purport to characterize a number of documents and authorities, cited in footnotes 68-72, that relate to Secretary DeVos's statements, all of which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

74.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 74; on that basis, it denies the allegations in their entirety. The remaining allegations in Paragraph 74 purport to characterize an article, cited in Footnote 73, which speaks for itself. To the extent that this Paragraph contains any allegations

requiring a response, Texas denies them in their entirety.

75.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75; on that basis, it denies the allegations in their entirety.

76.     Texas admits that in 2017, the Department, under Secretary DeVos's leadership, rescinded the 2011 Dear Colleague Letter and the 2014 Questions and Answers. The remaining allegations in Paragraph 76 purport to characterize the Department's 2017 Dear Colleague Letter, cited in Footnote 74, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

77.     Paragraph 77 purports to characterize legal authority, cited in Footnote 75, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

## THE FINAL RULE

78.     Texas admits that the Department issued a issued a Notice of Proposed Rulemaking on November 29, 2018. The remaining allegations in Paragraph 78 either purport to characterize the Proposed Rule, cited in Footnote 76, which speaks for itself, or contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

79.     Paragraph 79 purports to characterize the Proposed Rule, cited in Footnote 77, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

80.     Paragraph 80 purports to characterize the Proposed Rule, cited in Footnote 78,

which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

81.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81; on that basis, it denies the allegations in their entirety.

82.     Paragraph 82 purports to characterize numerous comments submitted in response to the Proposed Rule, cited in Footnotes 79 -121, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

83.     Paragraph 83 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

84.     Paragraph 84 purports to characterize multiple legal actions and statements, cited in Footnotes 123–129, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

85.     Paragraph 85 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

86.     Paragraph 86 purports to characterize the Department's statements about the Final Rule, cited in Footnotes 130–132, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

87.     Paragraph 87 purports to characterize the Final Rule as well as multiple documents, cited in Footnotes 133–136, which speak for themselves. To the extent that this Paragraph contains

any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87; on that basis, it denies them in their entirety.

88.     Paragraph 88 purports to characterize multiple documents, cited in Footnotes 137 and 138, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88; on that basis, it denies them in their entirety.

89.     Paragraph 89 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and the Clery Act, cited in Footnote 139, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Final Rule Impermissibly Narrows the Definition of "Sexual Harassment"**

90.     Paragraph 90 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize Title IX as well as the Final Rule, cited in Footnote 140, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety. Texas further denies the allegations in Footnote 141.

91.     Paragraph 91 purports to characterize the Final Rule, cited in Footnote 142, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

92.     Paragraph 92 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnote 143, which speaks for itself. To the extent that this Paragraph contains any

allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 92; on that basis, it denies them in their entirety.

93.     Paragraph 93 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 144, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

94.     Texas denies the allegations in the first and last sentence of Paragraph 94. The remaining allegations purport to characterize statistics, cited in Footnote 145, which speak for themselves. To the extent that these allegations require a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94; on that basis, it denies them in their entirety.

95.     Paragraph 95 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as federal guidance on race and disability, cited in Footnotes 146 and 147, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

### The Final Rule Requires School Action Only When the School Has "Actual Knowledge" of Sex-Based Harassment

96.     Paragraph 96 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and the Department's prior guidance, cited in Footnotes 148 and 149, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

97.     Paragraph 97 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring

a response, Texas denies them in their entirety.

98.      Paragraph 98 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnotes 150 and 151, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

99.      Paragraph 99 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's 2001 Guidance, cited in Footnotes 152 and 153, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

100.      Paragraph 100 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

101.      Paragraph 101 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

102.      Paragraph 102 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

103.      Paragraph 103 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize documents cited in Footnotes 154 and 155, which speak for themselves. To the extent that this Paragraph contains allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 103; on that basis, it denies them in their entirety.

104.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 104; on that basis, it denies the allegations in their entirety. The remaining allegations in Paragraph 104 purports to characterize comments, cited in Footnote 156, that were submitted in response to the Proposed Rule, which speak for themselves. To the extent that these allegations require a response, Texas denies them in their entirety.

105.    Paragraph 105 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as the Department's prior guidance, cited in Footnotes 157 and 158, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Final Rule Prohibits Schools from Investigating Sex-Based Harassment Occurring Outside Their Narrowly-Defined Programs or Activities Even When it Creates a Hostile Educational Environment**

106.    Paragraph 106 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

107.    Paragraph 107 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 159, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

108.    Paragraph 108 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as Title IX, cited in Footnote 160, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

109.    Paragraph 109 contains assertions of law, conclusory statements, and/or argument

to which no response is required. It also purports to characterize the Department's prior guidance, cited in Footnote 161, and a report published by the U.S. Department of Justice, cited in Footnote 162, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

110.    Paragraph 110 purports to characterize multiple authorities, cited in Footnotes 163–167, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 110; on that basis, it denies them in their entirety.

111.    Paragraph 111 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well other authorities, cited in Footnotes 168 and 169, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Final Rule Prohibits Schools from Investigating Many Complaints When the Victim Has Transferred, Graduated, or Dropped Out, and the Proposed Rule Failed to Give Notice That This Harmful Provision Was Being Considered.**

112.    Paragraph 112 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnotes 170 and 171, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

113.    Paragraph 113 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

114.    Paragraph 114 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for

itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

115.     Paragraph 115 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

116.     Paragraph 116 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and the Department's statements, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

117.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 117; on that basis, it denies the allegations in their entirety.

**The Final Rule Allows Schools to Dismiss Complaints If the Respondent Has Graduated, Transferred, or Retired, and the Proposed Rule Failed to Give Notice That This Harmful Provision Was Being Considered.**

118.     Paragraph 118 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

119.     Paragraph 119 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

120.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 120; on that basis, it denies the allegations in their entirety.

**The Final Rule Adopts a Restrictive Deliberate Indifference Standard for a School's Response to Known Sex-Based Harassment**

121.    Paragraph 121 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 173, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

122.    Paragraph 122 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and the Department's prior guidance, cited in Footnotes 174 and 175 respectively, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

123.    Paragraph 123 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

124.    Paragraph 124 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

125.    Paragraph 125 purports to characterize the Department's statements, cited in Footnotes 176 and 177, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

126.    Texas denies the allegations in Paragraph 126 of the Second Amended Complaint.

127.    Paragraph 127 purports to characterize the Department's statements, cited in Footnote 178, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

128.    Texas denies that the Department failed to provide adequate justification or explanation for the Final Rule. The remaining allegations in Paragraph 128 either purport to characterize an authority, cited in Footnote 179, which speaks for itself, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that the remainder of Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

129.    Paragraph 127 purports to characterize two letters, cited in Footnotes 180 and 181, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Final Rule Prohibits Many Supportive Measures for Victims of Sex-Based Harassment**

130.    Paragraph 130 purports to characterize the Final Rule, cited in Footnotes 182 and 183, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

131.    The first two sentences in Paragraph 131 purports to characterize the Final Rule, which speaks for itself. To the extent that these sentences contain any allegations requiring a response, Texas denies them in their entirety. Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the remained of Paragraph 131; on that basis, it denies them in their entirety.

132.    Paragraph 132 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple authorities, cited in Footnotes 184 and 185, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

133.    Paragraph 133 contains assertions of law, conclusory statements, and/or argument

to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

### The Final Rule Establishes an Unfair Presumption of Non-Responsibility by the Respondent

134.    Texas denies the allegation in the third sentence of Paragraph 134. The remaining allegations ether purport to characterize the Final Rule as well as statements, cited in Footnote 186, which speak for themselves, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

135.    Paragraph 135 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Department's prior guidance and the Final Rule, cited in Footnotes 187 and 188 respectively, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

136.    The first two sentences of Paragraph 136 contain assertions of law, conclusory statements, and/or argument to which no response is required. The remainder of Paragraph 136 purports to characterize comments, cited in Footnotes 189 and 190, that were submitted in response to the Proposed Rule, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

137.    Texas denies that the Department failed to provide adequate justification or explanation for the Final Rule. The remaining allegations in Paragraph 137 either purport to characterize the Department's statements, cited in Footnote 191, which speak for themselves, or contain assertions of law, conclusory statements, and/or argument to which no response is

required. To the extent that the remainder of this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

138.    Paragraph 138 purports to characterize a comment, cited in Footnote 192, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

### The Final Rule Permits Schools to Unreasonably Delay Investigations

139.    Paragraph 139 purports to characterize the Final Rule and the Department's prior guidance, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

140.    The first sentence of Paragraph 140 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety. Texas further denies the remaining allegations in Paragraph 140.

141.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 141; on that basis, it denies the allegations in their entirety.

142.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 142; on that basis, it denies the allegations in their entirety. Furthermore, the authority cited in Footnote 193 speaks for itself. To the extent this Paragraph contains any allegations related to Footnote 193 requiring a response, Texas denies them in their entirety.

143.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 143; on that basis, it denies the allegations in their entirety. The remaining allegations in Paragraph 143 purport to characterize comments, cited in

Footnotes 194 and 195, that were submitted in response to the Proposed Rule, which speak for themselves. To the extent the remainder of this Paragraph contains any allegations a response, Texas denies them in their entirety.

### The Final Rule Removes Schools' Discretion over Hearings and Imposes Sweeping Exclusionary Rules of Relevant Evidence and Testimony That Were Not Subject to Notice and Comment

144.     Texas denies that Department made "a false equivalence." The remaining allegations in Paragraph 144 either purport to characterize the Final Rule as well as the Department's statements, cited in Footnote 196, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that the remainder of this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

145.     The first sentence of Paragraph 145 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety. Texas further denies the allegations in the second sentence of Paragraph 145.

146.     Paragraph 146 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as a number of authorities, cited in Footnote 197, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

147.     The first two sentences of Paragraph 147 contain assertions of law, conclusory statements, and/or argument to which no response is required. They also purport to characterize the Final Rule, cited in Footnote 198, and the Federal Rules of Evidence, which speak for themselves. To the extent that these sentences contain any allegations requiring a response, Texas denies them in their entirety. Texas further denies the allegations in the last sentence of Paragraph 147.

148.     The first two sentences of Paragraph 148 purport to characterize the Proposed Rule and the Final Rule, which speak for themselves. To the extent that these sentences contain any allegations requiring a response, Texas denies them in their entirety. Texas lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 148; on that basis, it denies the allegations in their entirety.

149.     Paragraph 149 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnotes 199–202, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

150.     Paragraph 150 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 203, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

151.     Texas denies the allegations in Paragraph 151 of the Second Amended Complain. Furthermore, the authority cited in Footnote 204 speaks for itself. To the extent this Paragraph contains any allegations related to Footnote 204 requiring a response, Texas denies them in their entirety.

152.     Paragraph 152 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnotes 205 and 206, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

153.     The first sentence of Paragraph 153 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the

Final Rule, cited in Footnotes 207, which speaks for itself. To the extent that this sentence contains any allegations requiring a response, Texas denies them in their entirety. Texas further denies the allegations in the second sentence of Paragraph 153.

154.    Paragraph 154 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple authorities, cited in Footnotes 208 and 209, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the Paragraph 154; on that basis, it denies them in their entirety.

155.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the Paragraph 155; on that basis, it denies the allegations in their entirety.

156.    Paragraph 156 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple authorities, cited in Footnotes 210 and 2011, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

157.    Paragraph 157 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as a letter, cited in Footnote 212, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

158.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 158; on that basis, it denies the allegations in their entirety. The remaining allegations in Paragraph 158 either purport to characterize documents, cited in Footnotes 213–215, which speak for themselves, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that the remaining

allegation require a response, Texas denies them in their entirety.

159.    Paragraph 159 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 216, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

160.    Paragraph 160 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize a letter, cited in Footnote 217, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

161.    Paragraph 161 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

162.    Paragraph 162 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 218, and other legal authorities, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

163.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 163; on that basis, it denies the allegations in their entirety. The remaining allegations purport to characterize a letter, cited in Footnotes 219–221, which speaks for itself. To the extent that the remaining any allegations require a response, Texas denies them in their entirety.

164.    Paragraph 164 purport to characterize a letter, cited in Footnote 222, which speaks

for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

165.    Paragraph 165 purport to characterize a letter, cited in Footnote 223, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

166.    Paragraph 166 purport to characterize the Final Rule as well as a press release, cited in Footnote 224, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

167.    Paragraph 167 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

168.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of Paragraph 168; on that basis, it denies the allegations in their entirety. The remaining allegations in Paragraph 168 either purport to characterize the Final Rule, which speaks for itself, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that the remaining allegations require a response, Texas denies them in their entirety.

**The Final Rule's Standard of Proof Disparately Affects Victims of Sex-Based Harassment**

169.    Paragraph 169 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

170.     Paragraph 170 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple authorities, cited in Footnotes 225 and 226, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 170; on that basis, it denies them in their entirety.

171.     Texas denies the allegations in Paragraph 171 of the Second Amended Complaint.

172.     Paragraph 172 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize two documents, cited in Footnotes 227 and 228, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

173.     Texas lacks sufficient knowledge or information about the Leadership Conference on Civil and Human Rights to form a belief about the size of the organization; on that basis, it denies the allegation in its entirety. The remaining allegations in Paragraph 173 purport to characterize a letter, cited in Footnote 229, which speaks for itself. To the extent that the remaining allegations require a response, Texas denies them in their entirety.

174.     Paragraph 174 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple authorities, cited in Footnotes 230–232, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

175.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 175; on that basis, it denies the allegations in their entirety.

176.     Paragraph 176 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for

itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

177.    Texas denies the allegations in Paragraph 177 of the Second Amended Complaint.

**The Final Rule Includes a Provision Inviting Retaliation Against Complainants, and the Proposed Rule Gave No Notice This Harmful Provision Was Being Considered.**

178.    Paragraph 178 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 233, and other legal authority, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

179.    Paragraph 179 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize a U.S. Supreme Court case, cited in Footnote 234, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

180.    Paragraph 180 purports to characterize the Department's prior guidance, cited in Footnotes 236 and 237, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

181.    Paragraph 181 purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

182.    Paragraph 182 purports to characterize the Department's statements, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

183.    Paragraph 183 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote

238, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

184.  Texas denies the allegations in Paragraph 184 of the Second Amended Complaint.

185.  Texas admits that there are situations in which a student has a reasonable need to share allegations. The remaining allegations in Paragraph 185 either purport to characterize the Final Rule, which speaks for itself, or contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains allegations requiring a response, Texas denies them in their entirety, except where previously admitted.

186.  Texas denies the allegations in Paragraph 186 of the Second Amended Complaint.

187.  Paragraph 187 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule as well as the Department's statements, cited in Footnote 239, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

188.  Paragraph 188 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

189.  Texas denies the allegations in Paragraph 189 of the Second Amended Complaint. Furthermore, the authority cited in Footnote 240 speaks for itself. To the extent this Paragraph contains any allegations related to Footnote 240 requiring a response, Texas denies them in their entirety.

190.  Paragraph 190 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Proposed Rule, which speaks

for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**The Final Rule Purports to Preempt State and Local Laws That Provide Greater Protections Against Sex-Based Harassment, and the Proposed Rule Gave No Notice That This Harmful Provision Was Being Considered.**

191.     Paragraph 191 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, cited in Footnote 241, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

192.     Paragraph 192 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

193.     Texas lacks sufficient knowledge or information about state and local laws to form a belief about the truth of the allegations in Paragraph 193; on that basis, it denies the allegations in their entirety.

194.     Paragraph 194 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

195.     Paragraph 195 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

196.     Paragraph 196 contains assertions of law, conclusory statements, and/or argument

to which no response is required. It also purports to characterize the Proposed Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

### THE CHALLENGED PROVISIONS FRUSTRATE THE ORGANIZATIONAL PLAINTIFFS' MISSIONS AND FORCE THE DIVERSION OF THEIR RESOURCES

197.    Texas lacks sufficient knowledge or information about the identity, purpose, and activities of the Plaintiff Victim Rights Law Center to form a belief about the truth of the allegations in Paragraph 197; on that basis, it denies the allegations in their entirety.

198.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 198; on that basis, it denies the allegations in their entirety.

199.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 199; on that basis, it denies the allegations in their entirety.

200.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 200; on that basis, it denies the allegations in their entirety.

201.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 201; on that basis, it denies the allegations in their entirety.

202.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 202; on that basis, it denies the allegations in their entirety.

203.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 203; on that basis, it denies the allegations in their entirety.

204.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 204; on that basis, it denies the allegations in their entirety.

205.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 205; on that basis, it denies the allegations in their entirety.

206.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 206; on that basis, it denies the allegations in their entirety.

207.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207; on that basis, it denies the allegations in their entirety.

208.     Paragraph 208 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 208; on that basis, it denies them in their entirety.

209.     Texas lacks sufficient knowledge or information about the identity, purpose, and activities of Plaintiff Equal Rights Advocates to form a belief about the truth of the allegations in Paragraph 209; on that basis, it denies the allegations in their entirety.

210.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 210; on that basis, it denies the allegations in their entirety.

211.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 211; on that basis, it denies the allegations in their entirety.

212.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 212; on that basis, it denies the allegations in their entirety.

213.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 213; on that basis, it denies the allegations in their entirety.

214.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 214; on that basis, it denies the allegations in their entirety.

215.     Texas lacks sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 215; on that basis, it denies the allegations in their entirety.

216.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 216; on that basis, it denies the allegations in their entirety.

217.    Paragraph 217 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 217; on that basis, it denies them in their entirety.

218.    Paragraph 218 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 218; on that basis, it denies them in their entirety.

219.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 219; on that basis, it denies the allegations in their entirety.

220.    Paragraph 220 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 220; on that basis, it denies them in their entirety.

221.    Paragraph 221 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks

sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 221; on that basis, it denies them in their entirety.

222.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 222; on that basis, it denies the allegations in their entirety.

223.     Texas lacks sufficient knowledge or information about the identity, purpose, and activities of Plaintiff Legal Voice to form a belief about the truth of the allegations in Paragraph 223; on that basis, it denies the allegations in their entirety.

224.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 224; on that basis, it denies the allegations in their entirety.

225.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 225; on that basis, it denies the allegations in their entirety.

226.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 226; on that basis, it denies the allegations in their entirety.

227.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 226; on that basis, it denies the allegations in their entirety.

228.     Paragraph 228 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 228; on that basis, it denies them in their entirety.

229.     Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 229; on that basis, it denies the allegations in their entirety.

230.     Texas lacks sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 230; on that basis, it denies the allegations in their entirety.

231.    Texas lacks sufficient knowledge or information about the identity, purpose, and activities of Plaintiff Chicago Alliance Against Sexual Exploitation to form a belief about the truth of the allegations in Paragraph 231; on that basis, it denies the allegations in their entirety.

232.    Paragraph 232 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 232; on that basis, it denies them in their entirety.

233.    Texas lacks sufficient knowledge or information about the identity, purpose, and activities of Plaintiff Chicago Alliance Against Sexual Exploitation to form a belief about the truth of the allegations in Paragraph 233; on that basis, it denies the allegations in their entirety.

234.    Texas lacks sufficient knowledge or information about the identity, purpose, and activities of Plaintiff Chicago Alliance Against Sexual Exploitation to form a belief about the truth of the allegations in Paragraph 234; on that basis, it denies the allegations in their entirety.

235.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 235; on that basis, it denies the allegations in their entirety.

236.    Paragraph 236 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 236; on that basis, it denies them in their entirety.

237.    Texas lacks sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 237; on that basis, it denies the allegations in their entirety.

238.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 238; on that basis, it denies the allegations in their entirety.

239.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 239; on that basis, it denies the allegations in their entirety.

240.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 240; on that basis, it denies the allegations in their entirety.

241.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 241; on that basis, it denies the allegations in their entirety.

242.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 242; on that basis, it denies the allegations in their entirety.

243.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 243; on that basis, it denies the allegations in their entirety.

244.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 244; on that basis, it denies the allegations in their entirety.

245.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 245; on that basis, it denies the allegations in their entirety.

### THE INDIVIDUAL PLAINTIFFS HAVE SUFFERED AND WILL CONTINUE TO SUFFER INJURY-IN-FACT AND IRREPARABLE HARM

246.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 246; on that basis, it denies the allegations in their entirety.

247.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 247; on that basis, it denies the allegations in their entirety.

248.    Texas lacks sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 248; on that basis, it denies the allegations in their entirety.

249.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 249; on that basis, it denies the allegations in their entirety.

250.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 250; on that basis, it denies the allegations in their entirety.

251.    Paragraph 251 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 251; on that basis, it denies them in their entirety.

252.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 252; on that basis, it denies the allegations in their entirety.

253.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 253; on that basis, it denies the allegations in their entirety.

254.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 254; on that basis, it denies the allegations in their entirety.

255.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 255; on that basis, it denies the allegations in their entirety.

256.    Paragraph 256 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 256; on that basis, it denies them in their entirety.

257.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 257; on that basis, it denies the allegations in their entirety.

258.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 258; on that basis, it denies the allegations in their entirety.

259.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 259; on that basis, it denies the allegations in their entirety.

260.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 260; on that basis, it denies the allegations in their entirety.

261.    Paragraph 261 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 261; on that basis, it denies them in their entirety.

262.    Paragraph 262 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 262; on that basis, it denies them in their entirety.

263.    Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 263; on that basis, it denies the allegations in their entirety.

264.    Paragraph 264 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks

sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 264; on that basis, it denies them in their entirety.

265.    Paragraph 265 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 265; on that basis, it denies them in their entirety.

266.    Paragraph 265 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 265; on that basis, it denies them in their entirety.

## CLAIMS FOR RELIEF

## COUNT ONE

*Administrative Procedure Act – Not in Accordance with Law*

267.    Texas repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

268.    Paragraph 268 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Administrative Procedure Act, cited in Footnote 242, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

269.    Texas admits that the Department of Education enforces Title IX but denies the remaining allegations in Paragraph 269.

270.     Paragraph 270 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and Title IX, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

271.     Paragraph 271 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

**COUNT TWO**

*Administrative Procedure Act – Arbitrary and Capricious*

272.     Texas repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

273.     Paragraph 273 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Administrative Procedure Act and a U.S. Supreme Court case, cited in Footnotes 243 and 244 respectively, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

274.     Paragraph 274 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule and the Department's statements, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

275.     Texas admits that the effective date for the Final Rule was August 14, 2020. The remaining allegations in Paragraph 275, including any statements offered in Footnote 245, either purport to characterize the Final Rule and other legal authority, which speak for themselves, or contain assertions of law, conclusory statements, and/or argument to which no response is

required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety, except where previously admitted..

276.    Paragraph 276, including Footnote 246, contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

## COUNT THREE

*Administrative Procedure Act – Excess of Statutory Jurisdiction*

277.    Texas repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

278.    Paragraph 278 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Administrative Procedure Act, cited in Footnote 247, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

279.    Paragraph 279 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize Title IX, cited in Footnotes 248 and 249, and other legal authority, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

280.    Paragraph 280 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize Title IX and the Final Rule, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

281.    Paragraph 281 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations

requiring a response, Texas denies them in their entirety.

282.     Paragraph 282 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Clery Act, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

283.     Paragraph 283, including Footnote 250, contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

## COUNT FOUR

*Administrative Procedure Act – Without Observance of Procedure Required by Law*

284.     Texas repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

285.     Paragraph 285 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Administrative Procedure Act, cited in Footnote 251, and two U.S. Supreme Court cases, cited in Footnotes 252 and 253, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

286.     Paragraph 286 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize multiple legal authorities, partially cited in Footnote 254, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

287.     Paragraph 287 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize Administrative Procedure Act,

which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

288.     Paragraph 288 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

## COUNT FIVE

*Violation of the Equal Protection Guarantee of the Fifth Amendment*

289.     Texas repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

290.     Paragraph 290 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Fifth Amendment, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

291.     Paragraph 291 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize the Final Rule, which speaks for itself. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

292.     Paragraph 292 contains assertions of law, conclusory statements, and/or argument to which no response is required. It also purports to characterize statements made by Secretary DeVos and others, which speak for themselves. To the extent that this Paragraph contains any allegations requiring a response, Texas denies them in their entirety.

293.     Paragraph 293 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any allegations

requiring a response, Texas denies them in their entirety.

## PRAYER FOR RELIEF

Paragraphs (1)–(6) of this section contain Plaintiff's recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraphs (1)–(6) contain any allegations requiring a response, Texas denies those allegations in their entirety. Texas further denies that Plaintiff is entitled to any relief from this Court.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Some or all of the relief Plaintiff seeks would violate the First, Fifth, or Fourteenth Amendments of the United States Constitution.

3. Texas reserves the right to amend these defenses or raise additional defenses as they become known to Texas during the development of this case.

## DEFENDANT'S PRAYER

For the foregoing reasons, Texas asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

Date: April 30, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Associate Deputy for Special Litigation

 */s/ Kathleen T. Hunker*
KATHLEEN T. HUNKER
Special Counsel

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
kathleen.hunker@oag.texas.gov


 */s/    Kenneth B. Walton*
Kenneth B. Walton (BBO No. 562174)
Ken.Walton@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One International Place, 3rd Floor
Boston, MA 02110
T: 857-313-3950
F: 857-313-3951