IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, et al.,<br><br>         *Plaintiffs*,<br>v.<br><br>MIGUEL ANGEL CARDONA, in his official capacity as Secretary of Education, et al.,<br><br>         *Defendants*,<br> and<br><br>STATE OF TEXAS,<br><br>   *[Proposed] Intervenor-Defendant.* | Case No. 1:20-cv-11104 |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER**

The State of Texas ("Texas") respectfully moves for relief from the Order denying the Motion for Leave to Appear Pro Hac Vice of Kathleen T. Hunker, Esq. (the "PHV Motion"). *See* Dkt. No. 171.

**BACKGROUND**

On May 11, 2021, the PHV Motion was filed seeking pro hac vice admission of Kathleen T. Hunker on behalf of Texas. *See* Dkt. No. 169. On May 12, 2021, the Court denied the PHV Motion. *See* Dkt. 171. On the same date, the Court advised that it would accept an amici curiae brief from Texas after denying Texas' Motion to Intervene. *See* Dkt. No. 170.

**LEGAL STANDARD**

Fed. R. Civ. P. 60 allows for relief from an Order for any reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(6). Among the factors to be considered in reviewing a motion brought under Rule 60(b), the First Circuit requires that there be "reason to believe that vacating the judgment

4829-2059-9786.1

will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992); *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("a threshold condition for granting the relief is that the movant demonstrate that granting the relief will not in the end have been a futile gesture").

### ARGUMENTS

### I.  Pro Hac Vice Admission is Warranted

In light of the Court's permission for Texas to file an amici curiae brief, Texas will submit an amici curiae brief for the Court's consideration. On this basis, the PHV Motion should be granted in order to allow Attorney Hunker to submit an amici curiae brief on behalf of Texas and to allow Attorney Hunker to receive any pertinent documents that are filed in this action. None of the parties will be prejudiced by the submittal of an amici curiae brief by Attorney Hunker or the receipt of any documents filed in this action by Attorney Hunker. As stated below, Attorney Hunker is special counsel to Texas who is responsible for any actions taken by Texas in this action. Accordingly, Texas respectfully requests that the PHV Motion be granted.

### CONCLUSION

For the foregoing reasons, the State of Texas respectfully requests that the Court provide relief from its Order under Rule 60(b)(6) and grant the Motion for Leave to Appear Pro Hac Vice of Attorney Hunker.

| | |
|---|---|
| Date: May 21, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| BRENT WEBSTER<br>First Assistant Attorney General |  /s/ Kathleen T. Hunker<br>KATHLEEN T. HUNKER<br>Special Counsel |

                                      **OFFICE OF THE ATTORNEY GENERAL**
                                      P.O. Box 12548 (MC-009)
                                      Austin, Texas 78711-2548
                                      Tel.: (512) 936-1414
                                      Fax: (512) 936-0545
                                      patrick.sweeten@oag.texas.gov
                                      kathleen.hunker@oag.texas.gov

                                       /s/    Kenneth B. Walton
                                      Kenneth B. Walton (BBO No. 562174)
                                      Ken.Walton@lewisbrisbois.com
                                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                      One International Place, 3rd Floor
                                      Boston, MA 02110
                                      T: 857-313-3950
                                      F: 857-313-3951

## CERTIFICATE OF SERVICE

      I, Kenneth B. Walton, hereby certify that on May 21, 2021, a true and correct copy of the within document was served on all parties via the Electronic Case Filing System.

      /s/   Kenneth B. Walton
      Kenneth B. Walton