IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA,[1] *et al.*,<br><br>Defendants. | No. 1:20-cv-11104-WGY |

**JOINT MOTION TO CLARIFY**

The Parties respectfully move the Court to clarify its Findings of Fact, Rulings of Law, and Order for Judgment dated July 28, 2020 ("Order"), ECF No. 183.

In the Order, the Court found that the Department of Education's 2020 Title IX Rule was arbitrary and capricious to the extent it prohibited the consideration of statements not subject to cross-examination in hearings at postsecondary institutions. Order at 45-50; *see* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026, 30,577 (May 19, 2020) (codified at 34 C.F.R. § 106.45(b)(6)(i)) ("the prohibition on statements"). The Court remanded the prohibition on statements to the Department of Education "for further consideration and explanation for the reasons articulated in Section IV.B.2.b" of the Order. Order at 61.

The Parties respectfully ask the Court to clarify whether the Order vacated the prohibition on statements or remanded the prohibition without vacatur. If the Court intended to vacate the prohibition on statements, the Parties further request clarification as to whether such vacatur was

---

[1] Secretary Cardona is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d)(1).

effective July 28, 2021, or the date of the clarification order; and whether the vacatur applies only as to the plaintiffs or as to all entities nationwide.

The Parties have conferred as to this motion and both parties agree that clarification is warranted. Plaintiffs intend to separately provide an additional statement of their position in the next few days.

| | |
|---|---|
| Dated: August 9, 2021 | Respectfully submitted, |
| /s/ Natalie A. Fleming Nolen<br>Natalie A. Fleming Nolen<br>Julie O'Neill<br>Vanshika Vij<br>Evan M. Harris<br>Caitlin A. Crujido<br>Robin A. Smith<br>Morrison & Foerster LLP<br>2100 L Street, NW<br>Suite 900<br>Washington, D.C. 20037<br>Telephone: 202.887.1500 | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>CARLOTTA P. WELLS<br>Assistant Branch Director<br>*/s/ Rebecca M. Kopplin*<br>REBECCA M. KOPPLIN<br>Trial Attorney (California Bar No. 313970)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>Phone: (202) 514-3953<br>E-mail: rebecca.m.kopplin@usdoj.gov<br><br>*Counsel for Defendants* |
| Emily Martin<br>Neena Chaudhry<br>Sunu Chandy<br>Shiwali G. Patel<br>Elizabeth Tang<br>National Women's Law Center<br>11 Dupont Circle, NW, Suite 800<br>Washington, DC 20036<br>Telephone: 202.588.5180 | |
| Diane L. Rosenfeld<br>Attorney at Law<br>Mass. Bar Number 668275<br>Cambridge, MA 02138<br><br>*Attorneys for Plaintiffs* | |

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that I communicated with Plaintiffs' counsel, Caitlin Crujido, regarding this motion on August 9, 2021. The Parties are in agreement that clarification should be sought, the Parties were unable to resolve or narrow the issues therein without the assistance of the Court.

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system was served this day on all parties via the Court's electronic case filing system.

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN