```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
VICTIM RIGHTS LAW CENTER,     )
EQUAL RIGHTS ADVOCATES,       )
LEGAL VOICE,                  )
CHICAGO ALLIANCE AGAINST      )
SEXUAL EXPLOITATION,          )
JANE DOE,                     )
an individual by and through  )
her mother and next friend    )
Melissa White,                )
NANCY DOE,                    )
MARY DOE,                     )
                              )
          Plaintiffs,         )
                              )
     v.                       )    CIVIL ACTION
                              )    NO. 20-11104-WGY
MIGUEL CARDONA,               )
in his offical capacity as    )
Secretary of Education,       )
SUZANNE GOLDBERG,             )
in her offical capacity as    )
Acting Assistant Secretary for)
Civil Rights,                 )
UNITED STATES DEPARTMENT      )
OF EDUCATION,                 )
                              )
          Defendants.         )
_____)
```

YOUNG, D.J.                                       August 10, 2021

**ORDER**

On July 28, 2021, this Court entered its Findings of Fact, Rulings of Law, and Order for Judgment, ECF No. 183, regarding the United States Department of Education's regulation implementing Title IX of the Education Amendments of 1972, see generally Nondiscrimination on the Basis of Sex in Education

Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) (codified at 34 C.F.R pt. 106). On August 9, the parties moved for clarification of this Court's Order. See Joint Mot. Clarify, ECF No. 185. The motion is ALLOWED.

This Court held that section 106.45(b)(6)(i)'s prohibition on all statements not subject to cross-examination was arbitrary and capricious in violation of section 706(2)(A) of the Administrative Procedure Act ("APA"). Accordingly, section 106.45(b)(6)(i)'s prohibition was vacated as well as remanded on July 28, as is the usual course in successful APA challenges. See 5 U.S.C. § 706(2)(A) ("The reviewing court shall hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious . . . ." (emphasis added)); National Min. Ass'n v. U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("We have made clear that when a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated -- not that their application to the individual petitioners is proscribed." (quotations and citation omitted)); see, e.g., Historic Bridge Found. v. Chao, 19-CV-408-LEW, 2021 WL 374964, at *8 (D. Me. Feb. 3, 2021); Lovely v. F.E.C., 307 F. Supp. 2d 294, 301 (D. Mass. 2004) (Saris, J.) ("'[V]acation is a proper remedy when an agency fails to explain its reasoning adequately.'") (quoting

Harrington v. Chao, 280 F.3d 50, 60 (1st Cir. 2002)); see generally New York v. U.S. Dep't of Com., 351 F. Supp. 3d 502, 672 (S.D.N.Y.) ("Given the plain language of the statute, there is an understandable and substantial debate about whether [remand without vacatur] is in fact within the bounds of the statute . . . ." (quotations and citations omitted)), cert. granted before judgment sub nom. Department of Com. v. New York, 139 S. Ct. 953 (2019), aff'd in part, rev'd in part, and remanded sub nom. Department of Com. v. New York, 139 S. Ct. 2551 (2019), appeal dismissed, Docket No. 19-212, 2019 WL 7668098 (2d Cir. Aug. 7, 2019).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 43 years.