UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VICTIM RIGHTS LAW CENTER,          )
EQUAL RIGHTS ADVOCATES,            )
LEGAL VOICE,                       )
CHICAGO ALLIANCE AGAINST           )
SEXUAL EXPLOITATION,               )
JANE DOE,                          )
an individual by and through       )
her mother and next friend         )
Melissa White,                     )
NANCY DOE,                         )
MARY DOE,                          )
                                   )
              Plaintiffs,          )
                                   )
         v.                        )        CIVIL ACTION
                                   )        NO. 20-11104-WGY
MIGUEL CARDONA,                    )
in his offical capacity as         )
Secretary of Education,            )
SUZANNE GOLDBERG,                  )
in her offical capacity as         )
Acting Assistant Secretary for)
Civil Rights,                      )
UNITED STATES DEPARTMENT           )
OF EDUCATION,                      )
                                   )
              Defendants,          )
                                   )
and                                )
                                   )
STATE OF TEXAS,                    )
                                   )
              Intervenor-          )
              Defendant.           )
_____)

YOUNG, D.J.                                    October 14, 2021

**ORDER**

The motion to intervene of John Doe, Steve Doe, and Zachary

Doe, see Individual Movants' Mot. Intervene Defs. Purposes

[1]

Appeal ("Does' Mot."), ECF No. 196, and the motion to intervene

of Families Advocating for Campus Equality, see Families

Advocating for Campus Equality's Mot. Intervene Def. Purposes

Appeal ("FACE's Mot."), ECF No. 197, are DENIED.

Timeliness "is the sentinel that guards the gateway to

intervention." In re Efron, 746 F.3d 30, 35 (1st Cir. 2014).

"One of the core purposes of the timeliness requirement is to

prevent disruptive, late-stage intervention that could have been

avoided by the exercise of reasonable diligence." R & G Mortg.

Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 9 (1st Cir.

2009). In this context, "the most important factor is the

length of time that the putative intervenor knew or reasonably

should have known that his interest was imperilled before he

deigned to seek intervention." In re Efron, 746 F.3d at 35; see

R & G Mortg. Corp., 584 F.3d at 8 ("In the last analysis, the

timeliness inquiry centers on how diligently the putative

intervenor has acted once he has received actual or constructive

notice of the impending threat."). "As a case progresses toward

its ultimate conclusion, the scrutiny attached to a request for

intervention necessarily intensifies." R & G Mortg. Corp., 584

F.3d at 7. Courts therefore view motions to intervene filed

after the entry of judgment "with a jaundiced eye . . . ."

Banco Popular de P.R. v. Greenblatt, 964 F.2d 1227, 1231 (1st

Cir. 1992).

[2]

The putative intervenors filed their motions on September 27, 2021, approximately two months after the entry of judgment. Compare Does' Mot. (filed Sept. 27, 2021), and FACE's Mot. (filed Sept. 27, 2021), with Findings Fact, Rulings Law, & Order J., ECF No. 183 (filed July 28, 2021).  The putative intervenors knew or reasonably should have known that their interests were imperilled much earlier, as early as June 10, 2020, when the plaintiffs filed this action challenging the putative intervenors' favored regulation, Compl. Declaratory & Inj. Relief, ECF No. 1, and certainly by March 8, 2021, when the new Presidential administration issued an executive order directing the Secretary of Education to review the regulation for consistency with the new President's policy platforms, see Notice Issuance Executive Order, ECF No. 161.

If more were needed (it is not), the putative intervenors fail to explain how the State of Texas, which this Court allowed to intervene for purposes of appeal, Electronic Order, ECF No. 195, will not adequately protect their interests.

This Court therefore DENIES the putative intervenors' motions -- seeking both intervention as of right and permissive intervention -- as untimely and as unsupported by a showing of inadequate representation.  See R & G Mortg. Corp., 584 F.3d at 7, 11 ("[W]hen a putative intervenor seeks both intervention as of right and permissive intervention, a finding of untimeliness

[3]

with respect to the former normally applies to the latter (and,

therefore, dooms the movant's quest for permissive

intervention).").

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE